## MORRIS *et al. v.* WARLICK *et al.*

1. Where an agent has authority to employ a subagent to do the work of the principal, the agent is not liable for the negligence of the subagent in the performance of the work, if due care has been used in his selection.

2. A charge embodying an erroneous principle and one which has a tendency to injure the losing party is not cured by a subsequent instruction embodying a correct statement of the law, when attention is not called to the previous charge. A charge containing two distinct propositions directly conflicting the one with the other is calculated to leave the jury in such a confused condition of mind that they can not render an intelligent verdict.

Argued June 29, — Decided August 12, 1903.

Complaint. Before Judge Calhoun. City court of Atlanta. September 6, 1902.

*E. M. & G. F. Mitchell,* for plaintiffs in error.
*John L. Hopkins & Sons,* contra.

COBB, J. C. D. Warlick and others brought suit against L. D. & A. C. Morris for the sum of $944.42, alleged to have been collected by the defendants as renting agents for the plaintiffs. The defendants admitted an indebtedness of $301.32, and pleaded that plaintiffs were indebted to them in an amount sufficient to cover the difference between this sum and the amount sued for. Of the amount which the defendants claimed the right to set off, $526.50 was alleged to. be due under a contract by which they were employed by the plaintiffs to rent a storehouse, they to receive as compensation for their services commissions on the sum paid as rent for such house for the period of five years. The plaintiffs denied that there was any such contract. The plaintiffs withdrew the property from the control of the defendants long before the expiration of the five years. The evidence shows that while the defendants had control of the property they informed the plaintiffs that repairs on the same were needed, and that defendants employed Traynham & Ray, a firm of contractors, to do the work. It is claimed that there was evidence tending to show that these contractors performed the work in a negligent manner and negligently delayed the completion of the work, whereby plaintiffs suffered loss. There was ample evidence to have warranted a finding that plaintiffs authorized defendants to employ the contractors. The contract for the repairing was made with the contractors by the

defendants in their own name, there being nothing in the contract to indicate that defendants were acting as agents for plaintiffs. There were other issues between the parties, and on perhaps all of these the evidence was conflicting.    The jury found a verdict against the defendants for $571.32.    Their motion for a new trial having been overruled, they excepted.

One ground of the motion assigns error upon the following extract from the judge's charge:    "Now, if you believe that Traynham & Ray were employed, under this contract as set out, not by Warlick but by the defendants, that is, the Morris brothers, without out the suggestion of Warlick, the plaintiff, then I charge you that defendant would be chargeable, that is, the Morris brothers would be chargeable, not only with their own negligence, if you believe any such negligence existed, but with the negligence and want of ordinary care of Traynham & Ray, if you believe that they did not exercise ordinary care."    The asignment of error upon this charge is that it erroneously makes defendants liable for the negligence of the contractors in the performance of their work, whereas under the law, if the defendants were authorized to employ the contractors, they are liable for such negligence only in the event they failed to exercise due care in the selection of the contractors and negligently chose incompetent contractors to do the work.    We think this assignment of error is well taken.    As stated above, the evidence warranted a finding that defendants had authority from the plaintiffs to employ contractors.    The contractors thus became the agents of the plaintiffs, and defendants became liable to plaintiffs for the consequences of the contractors' negligence only in the event due care was not used in the selection of the contractors.    This principle is so well settled by the authorities that no elaboration of it would seem necessary.    See 1 Am. & Eng. Enc. L. (2d ed.) 981; Ewell's Evans on Agency, 294; Mechem on Agency, § 197; Davis *v.* King, 50 Am. St. Rep. 104; Barnard *v.* Coffin (Mass.), 55 Am. Rep. 443; Dorchester Bank *v.* New England Bank, 1 Cush. 177; Warren Bank *v.* Suffolk Bank, 10 Cush. 585; Bank of California *v.* Telegraph Company, 52 Cal. 280; Campbell *v.* Reeves, 3 Head, 226; Darling *v.* Stanwood, 14 Allen, 504; Commerical Bank *v.* Jones, 18 Tex. 811; Louisville & Nashville R. Co. *v.* Blair, 1 Tenn. Ch. 351.    The fact that the contract with the contractors was made by the defendants in their own names does not prevent

the rule from applying. In a controversy between themselves and the plaintiffs they could show their true relation to the contract. Whitlock v. Hicks, 75 Ill. 460.

It is contended, however, that the error in the foregoing extract from the charge was cured by a subsequent instruction, to the effect that the duty resting upon the defendants with reference to the contractors was to use due care in their selection and retention. The court wholly failed, in giving this instruction, to call the attention of the jury to the previous charge, but the latter instruction was couched in such language as to leave the impression that the court was giving in charge another principle which was also applicable to the facts of the case as shown by the evidence. In any event, "the jury must take the whole charge as the law, and it is not for them to select one part to the exclusion of another, nor to decide whether one part cures or qualifies another, without being instructed so to do by the judge." *Savannah, Florida & Western Railway Co* v. *Hatcher*, ante, 273. See also *Western & Atlantic R. Co.* v. *Clark*, 117 *Ga.* 548. It is also argued that the erroneous instruction was harmless; but we are not prepared to say that it did not have a tendency to injure the defendants. If they had a contract with the plaintiffs, under which they were to collect the rents on a storehouse for five years and retain commissions for so doing, the plaintiffs could not, as long as the defendants were in good faith carrying out their part of the contract, withdraw the property from their control. The jury evidently did not give the defendants credit for these commissions, and they may have deducted some amount on account of the negligence of the contractors, finding, as the court had instructed them, that defendants were liable for the consequences of such negligence. The verdict appears to have been a compromise between the claims of the parties, and the evidence certainly did not, under any view of it, demand a finding against the defendants for so large a sum as that expressed in the verdict. We think a new trial is demanded on account of this erroneous instruction.

In view of the fact that a new trial is to be had, many of the grounds of the motion need not be noticed. Some of them, however, require a brief discussion. The court was asked to award a nonsuit and also to grant a new trial on the ground that Mrs. Haig, one of the plaintiffs, had not authorized the suit, which was for a

joint cause of action, and that, this being so, the action would fail as to all the plaintiffs. Counsel appeared in court claiming to represent Mrs. Haig, and their authority to do so was not called in question, nor was there evidence of any character showing that she had repudiated the action of counsel in making her a party plaintiff. See *Heath* v. *Miller*, 117 *Ga*. 854. A letter from her, offered for this purpose, was properly excluded, as there was nothing in the letter which would have authorized the court to find that she desired the suit discontinued as to her. On the contrary, the letter showed that she knew of the suit, and failing to appear and move to have her name stricken amounted to a ratification of the action of counsel in making her a party, even if it was unauthorized. Nor do we think the letter was relevant for any other purpose for which it was offered.

*Judgment reversed. By five Justices.*