## SAVANNAH ELECTRIC COMPANY *v.* McCLELLAND.

1. The plaintiff based his right of action against the defendant upon the negligence of the latter's employees in suddenly and violently starting a car (which had been stopped upon a signal given by the plaintiff, who was attempting to board the car) without giving him reasonable opportunity to board it in safety; in consequence of which negligent act he was thrown to the ground and injured; and it was error for the court, after having properly charged upon this (which was the sole theory of the plaintiff, as appears from the petition), to so charge the jury as in effect to authorize them to find for him upon a state of facts entirely different from those upon which, by his pleadings and evidence, he rested his right to a recovery.

2. The jury should not be left to decide between conflicts in the charge, without having their attention directed thereto by the court and being instructed as to which of the antagonistic principles is correct and applicable, and which should be disregarded.

Submitted March 12,—Decided April 11, 1907.

Action for damages. Before Judge Cann. Chatham superior court. July 7, 1906.

McClelland brought suit against the Savannah Electric Company, to recover damages for personal injuries alleged to have been sustained because of the negligence of its employees in the operation of its cars. The petition alleges, that the plaintiff presented himself at the usual place for boarding the cars of the defendant, with the bona fide intention of becoming a passenger on one of its cars; that "car number 51 . . came along, going in a northerly direc-

tion on said West Broad Street, and he signaled it for the purpose of boarding the car as a passenger, and it stopped for him to get on; . . that as he stepped up on the running-board, on the eastern side of said car, with his right foot, he attempted to grasp the handle-bar with his left hand, having several packages in his right arm; and that before he could secure himself or get himself entirely on board of said car, it suddenly and violently started forward, tearing his grip on the hand-bar loose, and threw him heavily upon the cobble-stones," etc. It is alleged that the injuries sustained were caused by the defendant's negligence, without any fault or negligence upon the part of the plaintiff. At the trial the plaintiff introduced evidence to support this contention. The defendant filed a general denial to plaintiff's declaration; and the motorman, a witness for the defendant, testified that the plaintiff did not signal him to stop the car, and that the car did not stop. The conductor and a passenger also testified that the car did not stop, and that the plaintiff was endeavoring to board a moving car. The verdict was in favor of the plaintiff; and the defendant excepts to the refusal of a new trial.

*Osborne & Lawrence,* for plaintiff in error.

*Raiford Falligant,* contra.

Beck, J. (After stating the facts.) It is complained, in the motion for new trial, that the court, in its instructions to the jury, charged as follows: "If you find that the plaintiff gave proper notice to the street-car employees of his desire to become a passenger upon the car in question and that the said car was, in consequence thereof, arrested as if it were going to stop, or did actually stop, by an act of the employee of the defendant, and that then the plaintiff endeavored to get upon said car, then the plaintiff, while so endeavoring to get on said car, was a passenger under the care of the defendant company as such; and if the jury further find that the plaintiff was injured by the negligent starting of the car, while he was in the act of getting thereon, and while he was himself in the exercise of ordinary care for his own safety, then you would be authorized to find for the plaintiff. But if you find, from the evidence, that the car slowed up solely because of nearing a curve, not for the purpose of enabling a person desiring to do so to become a passenger thereon, and not in response to any signal or notice from the plaintiff to defendant's employees, then the plaintiff

was not a passenger, and the company would only be bound to exercise ordinary care after the employees of the defendant company knew of his intention to board the car." This charge was excepted to as erroneous, upon the ground that it authorized the plaintiff to recover if he boarded a moving car before it stopped, or that did not stop; and further because the plaintiff sued only for injuries sustained as a passenger, from suddenly and violently starting the car forward after it had stopped and after he had become a passenger. While the jury were not directly and positively instructed that it would be their duty to find for the plaintiff under the circumstances hypothetically stated in the last sentence of the excerpt just quoted, the language used would very probably be construed by them as a direction to find for the plaintiff in the event they should believe, from the evidence, that the defendant did not exercise that degree of care and diligence which it would be bound to exercise under the circumstances there stated. From the plaintiff's petition and evidence it appears that he sought a recovery on the ground that the car stopped and then suddenly started before he had a reasonable opportunity to safely board it. It is not suggested in the pleadings, nor in the testimony of the plaintiff, that he boarded the car while it was in motion, or at a time when the car had "slowed up because of nearing a curve." Consequently such a charge gave to the plaintiff the advantage of a theory which he had not alleged in his pleadings, and which he had not attempted to sustain by his evidence. For this reason the charge was error. *Savannah Electric Co.* v. *McElvey,* 126 *Ga.* 491. And we are by no means convinced that the hurtful effect of the error was cured by the fact that in another portion of the charge the court had correctly instructed the jury that "plaintiff must recover, if at all, upon proof that the defendant was negligent in one or more of the ways in which the plaintiff alleged in his petition that defendant was negligent. He can not recover for any other or different acts of negligence than those alleged in the petition." Juries should not be left to reconcile conflicting principles of law; nor are they supposed to be able to eliminate errors in the charge, even with the aid of a correct statement of the law preceding or following the erroneous instruction, when their attention is not directed to the conflict between the erroneous and the correct rule, and they are not instructed as to which of the two conflicting principles should be

disregarded and which should be observed and applied. *Morrison
v. Dickey,* 119 *Ga.* 698.

*Judgment reversed. Fish, C. J., absent. The other Justices
concur.*