*James H. Price,* contra.

---

1636.   PELHAM MANUFACTURING CO. *v.* POWELL.

1. Actionable negligence by the master with reference to his servant is the failure to exercise ordinary care to provide a reasonably safe place to work, and reasonably safe appliances with which to work, and the failure to exercise ordinary care to keep the place and appliances in a reasonably safe condition.

2. A charge which fails to qualify the care required to be exercised by the master as "ordinary care," or to qualify the condition of the place and appliance furnished by the master as that of "reasonable safety," but instructs the jury, without qualification, that "the master is charged with

the necessity of furnishing such machinery as will be safe," incorrectly states the rule of law defining the master's duty, and in effect makes him an insurer of the servant's safety.

3. The vice of a wrong rule in a charge is not extracted by the fact that the right rule is also given; because it is impossible to tell which rule the jury accepted. Especially is this true where the charge makes a concrete application of the wrong rule to the issuable facts, and states the right rule as an abstract proposition of law.

4. Where an erroneous instruction is given on a material issue, the error is not rendered harmless by a subsequent statement of the judge that he has given the correct rule in another part of his charge. He must make it plain and clear to the jury that the first instruction was incorrect and is expressly retracted, and that the subsequent statement is correct and is substituted for the incorrect one; and it must appear therefore that the jury could not have been misled or confused by the two inconsistent statements.

5. Grounds of a motion for a new trial which expressly allege that extracts from a charge are erroneous because they contain incorrect statements of the law applicable to the facts in issue, and were confusing, misleading, and prejudicial, are sufficient to raise the question of the legal correctness of such statements; and if such extracts are incorrect statements of the law, they will be considered in connection with the evidence for the purpose of ascertaining whether the movant has been injured by the giving of such incorrect instructions.

Action for damages, from city court of Camilla—Judge Scaife. December 11, 1908.

Argued February 25,—Decided June 15, 1909.

*Jesse W. Walters & Sons, J. J. Hill,* for plaintiff in error.

*Bennet & Cox, Pope & Bennet,* contra.

HILL, C. J. This was a suit by a servant against his master to recover damages for personal injuries caused by the negligence of the master in the use and maintenance of inferior and defective machinery. Negligence was also alleged in the failure of the master to instruct the servant, who was a minor and inexperienced, of the dangerous character of the machinery, and in its safe and proper use. The view we entertain of certain instructions to the jury on the law of the case, which are specially excepted to, makes unnecessary any detailed statement of the issues made by the pleadings and the evidence. A general statement of the evidence will be sufficient to illustrate the question of law involved. The master was a corporation engaged in the manufacture of cotton goods. The servant was a boy about seventeen years of age. He had had some experience as an operative in a cotton mill, but, according

to his testimony, none in the particular work he was called upon by the master to do at the time of his injury. When he was injured he was engaged in cleaning the fronts of the card machines, by picking and removing with his hands the cotton lint and fibers which had gathered on the shelves below the doors of the machines and on the scavenger rollers. In this manner he had successfully cleaned fourteen of the machines, and when he came to the fifteenth machine he discovered that the cotton had accumulated on the shelf below the door to such an extent as to prevent him from discovering that the door which opened into the chamber or case where the revolving cylinders were enclosed, and which was intended to remain closed as a protection from the danger incident to the operation of the machine, had fallen down from its position; and being ignorant of this fact, as well as of the consequent danger, due to his want of experience and instructions, he put his right hand out to remove the accumulation of cotton, and it went through the open door space, came in contact with the revolving cylinder, and was so mangled as to necessitate amputation. The evidence in his behalf proved that the hinges or latches to the door which had fallen, and which were intended to keep it in its place, had become defective by wear and tear, and were for this reason wholly insufficient for the purpose, as the door with its hinges or latches in that condition would fall from its position by the vibration of the machinery. It was also alleged that the machine in question was of an inferior and dangerous character, not equal to such machines as were in general use in cotton mills, and that in this respect the defendant was negligent. All the allegations of negligence were specifically denied. The evidence, considered as a whole on the various issues of negligence, was in conflict; the question of liability under the law applicable thereto was not free from doubt, and a verdict either way would not have been without support. This condition of equilibrium in the evidence makes any error of law presumptively prejudicial.

We have given the case the most careful study, and we have concluded that the court committed material and prejudicial error in his instructions to the jury, as shown by the excerpts objected to, on the rule of law declaratory of the master's duty to his servants. The excerpts from the charge, and the charge as a whole, require of the master a greater degree of diligence than that im--

posed by law.  The jury were instructed, in effect, that the law made the master an insurer of his servant's safety; that his duty of diligence was absolute and unqualified, both as to instrumentalities and inspection; he was bound to furnish and maintain safe places and safe appliances.  Of course this is not the correct rule of law in Georgia or elsewhere.  "The limit of the master's duty to his servant regarding places and appliances is to exercise ordinary care, having regard to the hazards of the service, to provide the servant with reasonably safe working places, machinery, tools and appliances, and to exercise ordinary care to maintain them in a reasonably safe condition of repair."  Armour v. Russell, 6 L. R. A. (N. S.) 602, note.  This states the law tersely and comprehensively.  The Civil Code, § 2611, embodies the same rule, and there are numerous decisions of this court and of the Supreme Court to the same effect.  The master does not insure or guarantee that the place or appliance furnished to his servant is even reasonably safe.  He is required to exercise ordinary care to have them reasonably safe, and to maintain them in a reasonably safe condition.  We are aware that courts frequently, in declaring the rule of diligence applicable to the relation of master and servant, omit either the qualifying words "ordinary" or "reasonable" as expressive of the master's duty, or the word "reasonably" as qualifying the condition of safety of the place or appliance.  And in cases where the evidence of the master's negligence is clear and convincing, the omission of either the one or the other qualifying word might not be reversible error.  But the true rule of law demands that both qualifying words, or words of similar import, be used; and in a case where the question of the master's negligence was not manifest from the evidence, it would presumptively be prejudicial to the master's rights under the law to omit either qualifying word.  If any principle of law in this age of mutation and progress even in law can be regarded as stare decisis, the one above discussed is in that class.  It has its source in the common law, and runs harmoniously through the decisions of all courts of authority and the texts of law-writers.  Besides, it is the statute law of this State.  Civil Code, § 2611.  Let us see how completely this principle was eliminated by the trial judge in his instructions to the jury.  We will group several excerpts from the charge involving substantially the same question and containing the same error.

From third ground of motion for new trial: "The master is charged with the necessity of furnishing such machinery as will be safe for the operator to work around. If the machinery is not in proper condition, or if it is improperly constructed to the extent that it results in the injury inflicted on the plaintiff, then you would find the defendant liable." From fourth ground of motion: "If you believe that the defect in the machinery was the proximate cause of the injury, then it would be your duty to find against the defendant." From fifth ground: "Now the issue reduces itself to the fact as to whether or not—as to whether the proximate cause of the injury was the defect in the machinery in not having proper fastenings to the doors. If you believe that that was the proximate cause of the accident, then you will find the defendant liable; but if you believe from the testimony in the case that the proximate cause of the injury resulted from the want of diligence and proper precaution on the part of the plaintiff, then you would find in favor of the defendant. But if you should find that the proximate cause of the injury was the defective machinery and that that caused the injury to the plaintiff, then you would address yourselves to the amount that you think would compensate the plaintiff for the loss of his hand." The only possible construction that can be given to these excerpts from the charge is that the court, in making the concrete application of the law to the vital and controlling issues in the case, entirely eliminated from the consideration of the jury the question of the master's diligence. The existence of ordinary care which qualifies and determines the master's liability, and the further qualifying condition of the reasonable safety of the machinery, were both conspicuously absent from the charge. The hurtful and erroneous statement was three times made that "if the defect in the machinery was the proximate cause of the plaintiff's injury, the defendant would be liable," although the master may have exercised ordinary care in furnishing reasonably safe machinery and have exercised ordinary diligence in keeping it in a reasonably safe condition. In other words, the jury was told that the master was under an absolute duty to furnish absolutely safe machinery and under the absolute duty to keep it in an absolutely safe condition. The court explicitly tells the jury that "the master is charged with the necessity of furnishing such machinery as will be safe," and if they found from the evidence that

he had not discharged this necessary duty, and "the defective machinery was the proximate cause of plaintiff's injury," then the only question that could interest them further would be the amount of compensation that they would give the plaintiff for the loss of his hand. It is manifest from the excerpts quoted that the court instructed the jury that the master was an insurer of the servant's safety; and it is equally manifest that this was most harmful error, in view of the close conflict in the evidence in this case on the vital issue of the master's negligence.

It is true that the court in another part of the charge stated the correct rule on this subject to the jury. This statement of the true rule was given in the form of an abstract proposition of law, after the concrete application of the wrong rule had been thrice made, and after the method of computing the damages (determined by the application of the wrong rule) had been given in lengthy detail as laid down in *Florida Central R. Co.* v. *Burney,* 98 *Ga.* 1 (26 S. E. 730). The vice of a wrong rule in a charge is not extracted by the fact that the right rule is also given therein, because it is impossible to tell which rule the jury adopted, or that they could distinguish the right from the wrong; and especially would this be true in a case where the wrong rule was concretely applied to the facts, and the right rule abstractly stated. Peradventure, the jury may not have heard the statement of the right rule, or understood it after the trying ordeal of the mortality and annuity tables had been endured. The wrong rule was three times given in the beginning of the charge and before the minds of the jurors had been burdened and exhausted as just suggested. It is also insisted by learned counsel that the court corrected the error made in the beginning of his charge on the question of the master's duty. At the conclusion of the charge counsel called the court's attention to this error, stated the true rule, and asked the court to specifically so charge. The court, in response to this request, stated: "The rule that I read is the correct rule, gentlemen." The record does not show that he then reread to the jury the correct rule which had been previously read to them, and the fair inference is that he did not. But if he had then read to them the correct rule, we do not think it would have been a sufficient correction of an error repeatedly made in the beginning of the charge; and especially did it fall far short in this respect, when the court

did not expressly call the attention of the jury to the incorrect statement of the rule and expressly retract it. *Atlanta Ry. Co.* v. *McManus,* 1 *Ga. App.* 306 (58 S. E. 208), and cases cited.

There are other meritorious attacks made on the charge of the court, notably that some of the excerpts contain an intimation or expression of opinion on the evidence; but we do not care to prolong this opinion and doubtless there will not be a recurrence of these errors on a second trial. Objection is made to the sufficiency of the assignments of error on the excerpts from the charge of the court above discussed. We think they are sufficient. They raise clearly and specifically the question that the propositions of law charged, and which are fully set out in the assignments, were erroneous, and, as applied to the facts material to the issues, misled the jury and were prejudicial to the movant. If the propositions of law are erroneous, the error is presumably prejudicial, and the entire record will be reviewed to ascertain if the plaintiff in error has been injured by the giving of such erroneous instructions. *Wiley* v. *State,* 3 *Ga. App.* 120 (59 S. E. 438) ; *Anderson* v. *So. Ry. Co.,* 107 *Ga.* 500 (33 S. E. 644) ; *Binion* v. *Georgia Southern Ry. Co.,* 118 *Ga.* 282 (45 S. E. 276).

We do not deem it necessary to decide any of the questions made in the other assignments of error. Because of the errors contained in the assignments considered, we reverse the judgment refusing a new trial.                    *Judgment reversed.*