9385.   MAYOR & COUNCIL OF MADISON *v.* BEARDEN.

1. The petition alleged that notice of claim for damages was given to the defendant municipal corporation. The defendant being chargeable with knowledge of the service upon it of this notice, and its answer to this allegation of the petition being evasive, the answer will be treated as an admission that the notice was given as alleged.

2. The charge of the court excepted to being erroneous, the subsequent statement of the court, giving the correct rule without retracting the previous incorrect instruction, did not cure the error, and a new trial necessarily results from the erroneous charge.

DECIDED MAY 16, 1918. REHEARING DENIED JULY 12, 1918.

Action for damages; from city court of Madison—Judge Anderson. November 12, 1917.

*Williford & Lambert,* for plaintiff in error.

*E. H. George,* contra.

HARWELL, J. Mary Bearden, by her next friend, W. P. Bearden, brought suit against the Mayor and City Council of Madison for damages on account of personal injuries. The jury returned a verdict in her favor, and the city made a motion for a new trial upon the usual general grounds and certain special grounds, which the court overruled, and the defendant excepts.

1. It is complained in the second ground of the amendment to the motion for a new trial that the plaintiff did not prove the allegations in paragraph 8 of her petition, relative to a certain notice alleged to have been given the defendant. The defendant in its answer, in reply to paragraph 8 of the petition, admits that "it has refused to pay plaintiff the demands made upon it in this matter; however, defendant, for want of information at this time, is unable to either admit or deny the allegations in said paragraph as to whether plaintiff's claim was presented and given to defendant as is required by law." While it is necessary to aver and prove that notice to the city was given as required in section 910 of the Political Code of 1910 (*City Council of Augusta* v. *Marks,* 124 *Ga.* 365 (4), 52 S. E. 539), it is also true that whether the notice was or was not served upon the defendant was a matter with which it was charged with knowledge, and its answer was obviously evasive. The evasive answer will be treated as an admission that the notice was given as alleged. Civil Code, § 5637; *Gaynor* v. *Travelers Ins. Co.,* 12 *Ga. App.* 601 (2), (77 S. E. 1072); *Branch* v. *Johnson,* 9 *Ga. App.* 699 (2), 700 (71 S. E. 1123); *Jones* v. *Pope,* 7 *Ga. App.* 538, 540 (67 S. E. 280); *Raleigh &c. Railroad Co.* v. *Pullman Co.,* 122 *Ga.* 700, 707 (50 S. E. 1008); *Horne* v. *Peacock,* 122 *Ga.* 45 (49 S. E. 722).

2. Ground 4 of the motion for a new trial complains of the following excerpt from the charge of the court: "You can go further and ascertain whether or not the plaintiff in this case used proper care and diligence, or was guilty of negligence that caused the injury. In passing upon this question you may take into consideration the age and experience, or inexperience, of the plaintiff, and should you find that the plaintiff was too young and inexperienced in such things as to require her to use such care and diligence that would be required for a person of more mature years, and you find that she had not reached the age where she would be required to use the care and diligence of a more mature person in ascertaining the dangerous condition of the wire, then I charge you that you would be authorized to find in her favor." Error is assigned upon this, upon the ground that the court told the jury that they should find in favor of the plaintiff, should they find that the plaintiff had not reached such age as to require her to use care and diligence; and that the court should have

charged further that the city would not be liable unless it was shown that the city had not used proper care and diligence to prevent the injury, regardless of whether the plaintiff had reached mature age or not. We think that the criticism was well taken, and that the charge was erroneous for the reasons stated. It is insisted however, that the court afterward, at the conclusion of the charge, corrected the error by charging, "If you find that this plaintiff has not reached the age of maturity where she could realize or detect the danger and she was injured, if she was injured, and her injury was not creditable to any negligence on the part of the city or its employees, she could not recover."

"Where an erroneous instruction is given on a material issue, the error is not rendered harmless by a subsequent statement of the judge giving the correct rule in another part of his charge. He must make it plain and clear to the jury that the first instruction was incorrect and is expressly retracted, and that the subsequent statement is correct and is substituted for the incorrect one; and it must appear therefore that the jury could not have been mislead or confused by the two inconsistent statements." *Pelham Mfg. Co.*, v. *Powell*, 6 *Ga. App* 308 (4) (64 S. E. 1116). A new trial necessarily results from the erroneous charge. See also *Savannah Electric Co.* v. *McClelland*, 128 *Ga.* 87 (57 S. E. 91); *Morris* v. *Warlick* 118 *Ga.* 421 (45 S. E. 407); *Rowe* v. *Spencer*, 132 *Ga.* 426 (64 S. E. 468); *Atlanta & Birmingham Air-Line Railway* v. *McManus*, 1 *Ga. App.* 302 (5 a) (58 S. E. 258); *A. C. L. R. Co.* v. *Canty*, 12 *Ga. App.* 411 (2), 415 (77 S. E. 659), and citations.

It is not necessary to pass upon the other grounds of the motion. If any other errors were committed, they will not likely occur upon another trial. The court erred in overruling the motion, and the judgment is

*Reversed. Bloodworth, J., concurs.*

BROYLES, P. J., concurring specially. I agree that the judgment of the lower court overruling the motion for a new trial should be reversed, but not for the reason stated in the opinion of the majority of this court. I do not think that the error in the excerpt from the charge, as complained of in the 4th special ground of the motion for a new trial, requires a new trial, as, in my opinion, this error was cured by the supplemental charge, in which the correct rule of law was so plainly stated that I do not

see how the error in the preceding charge could have misled the jury.

The plaintiff sued for general damages, and for pain and suffering. The petition did not claim any *special* damages, and none were proved. Under such circumstances, it was, in my opinion, erroneous for the judge to charge upon the subject of *special* damages, and I think it is probable that this charge confused and misled the jury. For this reason I agree with my colleagues that a new trial of the case is required.