### 11381. CALLAWAY *v.* JANKO.

STEPHENS, J. 1. Probable cause alone, without any proof of the absence of malice, is a defense to a suit for a malicious prosecution or a malicious use of legal process. Upon the trial of an action for malicious use of legal process it was therefore error to charge that if the prosecution, which was a trover suit to recover a piano, instituted against the plaintiff by the defendant, and which caused the plaintiff's arrest, was instituted by the defendant with probable cause and with good faith and without malice, the plaintiff could not recover. Such charge was error even though the judge elsewhere in his charge correctly stated the law. Such erroneous statement, standing unretracted, was calculated to influence the jury and give them the impression that it was necessary to a successful defense against a suit for a malicious use of legal process, where probable cause appeared, to show the absence of malice. The language excepted to was as follows: " If the proceedings were instituted in good faith, with probable cause and without malice, the defendant had the right to institute these proceedings for his property, and the plaintiff could not recover . . In this case I charge you that

under the undisputed evidence, Mr. Callaway would have a right to institute bail-trover proceedings in the name of and for his principal, the Commercial Security Company, provided he had probable cause and it was not carried on with malice."

2. Since the judgment denying the defendant's motion for a new trial is reversed, it is not necessary to pass upon the assignment of error to the effect that the verdict for the plaintiff is excessive.

3. No other error of láw appears, and the judgment is reversed upon the ground that the court erred in overruling the defendant's motion for a new trial, upon the ground of the above error in the charge.

Judgment reversed. *Jenkins, P. J., and Hill, J., concur.*

DECIDED FEBRUARY 24, 1921.

Action for damages; from Fulton superior court — Judge George L. Bell. February 6, 1920.

*T. B. Higdon,* for plaintiff in error.