15089. LaGRANGE ICE & FUEL CO. v. McMANAMY.

The trial judge committed material error when in charging the jury upon the contentions of the parties he stated that the defendant admitted the making of the oral contract sued on, the making of which was one of the vital issues in dispute. The error was not cured by correctly submitting the disputed issue elsewhere in the charge, the erroneous in-

struction not being expressly corrected. The jury in such circumstances should not be left to decide between conflicts in the charge, without having their attention directed thereto by the court and being instructed as to which of the antagonistic statements is correct. The verdict being for the plaintiff, the defendant, on its motion, was entitled to a new trial.

DECIDED APRIL 24, 1924.

Complaint; from city court of LaGrange—Judge Duke Davis. September 15, 1923.

*M. U. Mooty*, for plaintiff in error.

*Wyatt & Branan*, contra.

BELL, J. A verdict was found for the plaintiff for a balance of salary alleged to be due him on an oral contract of employment for the period of twelve months. The defendant's motion for a new trial having been overruled, it excepted. The motion complains of the following charge of the court: "The defendant admits that on the 15th day of September, 1920, he made a contract with said plaintiff to work at the plant of said defendant at a salary of $200 a month or $2,400 a year, to be paid weekly for a period of one year beginning [ending] on September 15, 1921; that this contract was made by George T. Dix, treasurer and general manager of said defendant corporation; that the defendant admits." It is assigned that the defendant's answer denied the alleged contract, and that the charge misstated the defendant's contentions to its injury; that the duration of the employment should have been submitted to the jury as an issue of fact. The court elsewhere charged that the defendant denied the making of the contract.

Parts of the petition and answer respectively are as follows:

| PETITION. | ANSWER. |
|---|---|
| The petition of H. A. McManamy respectfully shows to the court the following facts, to wit: | |
| (1) That LaGrange Ice & Fuel Company, hereinafter referred to as the defendant, is a corporation of Troup county, Ga., with its office and principal place of business located in said county. | (1) Defendant admits the allegations contained in paragraph 1 of said petition. |
| (2) That said defendant is indebted to petitioner in the sum of $375.00 by reason of the facts hereinafter set out. | (2) Defendant denies the allegations contained in paragraph 2 of said petition. |
| (3) Petitioner shows that on | (3) Defendant admits that on |

the 15th day of September, 1920, he made a contract with said defendant to work at the plant of said defendant at a salary of $200 per month, or $2,400 per year, to be paid weekly, for a period of one year beginning on September 15, 1920, and ending on September 15, 1921; this contract was made with petitioner by Geo. T. Dix, treasurer and general manager of said defendant corporation.

or about the 15th day of September, 1920, this defendant, acting through its secretary, George T. Dix, entered into a contract with the said plaintiff whereby the said plaintiff was to work for the said defendant for a monthly salary of $200 a month to be paid weekly, but defendant denies that said contract was for a period of one year, or for any other definite time, and avers that said contract was not for a specified length of time.

(3) Petitioner shows that he went to work for defendant under the terms of said contract on September 15, 1920, and was paid weekly for his work in accordance with the terms of said contract until the 20th day of November, 1920.

(4) In answer to the allegations contained in paragraph numbered 3 of said petition, defendant admits the allegations contained in said paragraph.

(4) Petitioner shows that on the 20th day of November, 1920, C. H. Berry, who is president of said defendant corporation and who lives at New Orleans, La., came to La Grange and represented to this petitioner that business was bad and requested this defendant to allow his wages cut during the winter months; this petitioner on the said date of November 20, 1920, agreed with said C. H. Berry representing defendant that he would work for defendant for the sum of $125 per month from November 20, 1920, until March 1, 1921, provided that his salary would be placed back at the sum of $200 per month March 1, 1921, and continue at this figure until the 15th day of September, 1921, the date the original contract made with defendant would end; and on said date of November 20, 1920, the petitioner and said C. H. Berry representing defendant contracted as above set out in this paragraph.

(5) Defendant denies the allegations as contained in paragraph 5 of said petition and avers that on November 20, 1920, the said plaintiff entered into an agreement with the said defendant to then work for said defendant for the sum of $125 per month, and that said agreement to work for $125 per month was for each and every month that the said plaintiff should work for said defendant, and was not only to be during the winter months, but for all of the months and for all of the time that said plaintiff was to continue to work for said defendant.

It will be seen that two paragraphs in the petition are.numbered "3." Paragraph number 3 of the answer, though not referring by number to any particular paragraph in the petition, would appear by the subject-matter to refer to the first paragraph in the petition designated by that number. It cannot be ascertained whether paragraph 4 of the answer, when considered by itself, refers to the first or the second paragraph number 3 of the petition, but paragraph 5 of the answer shows by its contents that it refers to the fifth paragraph of the petition (numbered "4"). Under a fair construction of the answer as a whole, it is obvious that the several paragraphs of the petition were answered seriatim by the corresponding paragraphs of the plea, according to their actual order, and not according to the figures by which the pleader undertook to designate them in the petition, and thus that paragraph 4 of the answer was intended to reply to the second paragraph 3 of the petition. It is thus clear that in the instruction complained of the court misstated the defendant's contention. The controversy between the parties as to whether the plaintiff was employed for a year or merely by the month was the chief if not the controlling issue as made by the evidence. Where the court, in charging the jury as to the respective contentions of the parties, not only fails to present correctly those of the losing party, but instructs the jury that he admits the contention of the opposite party concerning one of the vital issues in the case, a new trial is demanded. *Hightower v. Ansley,* 126 *Ga.* 8 (6) (54 S. E. 939, 7 Ann. Cas. 927) ; *Fruit Dispatch Co.* v. *Roughton-Halliburton Co.,* 9 *Ga. App.* 108 (2 *b*) (70 S. E. 356). "A charge embodying an erroneous principle and one which has a tendency to injure the losing party is not cured by a subsequent instruction embodying a correct statement of the law, when attention is not called to the previous charge. A charge containing two distinct propositions directly conflicting the one with the other is calculated to leave the jury in such a confused condition of mind that they cannot render an intelligent verdict." *Morris* v. *Warlick,* 118 *Ga.* 421 (2) (45 S. E. 407) ; *Pelham Mfg. Co.* v. *Powell,* 6 *Ga. App.* 308 (4) (64 S. E. 1116) ; *Savannah Electric Co.* v. *McClelland,* 128 *Ga.* 87 (2) (57 S. E. 91). The same rule should be applicable where in like manner the court gives a conflicting charge in reference to the losing party's contentions.

The court fell into the error quite naturally by reason of the confusion (for which the plaintiff was partly responsible) appearing in the pleadings. The error was probably prejudicial to the defendant and demanded a new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*