15324.   WESTERN & ATLANTIC RAILROAD CO. *v.* MATHIS.

BELL, J. 1. In the trial of this action against a railway company for injuries done by its locomotive and cars to the plaintiff and his vehicle at a public crossing in a city, the trial judge, after instructing the jury that the portion of section 2 of the act of August 19, 1918 (Ga. L. 1918, p. 212), which refers to the erection of blow-posts and blowing the whistle was inapplicable to the case on trial, expressly told them that the remainder of the act which he would then give them in charge was applicable. He then read, as a part of his charge, section 4, which contained certain provisions inapplicable within the corporate limits of

cities, towns, and villages, one of which was that the failure of the engineer to blow the whistle as prescribed in the act would constitute a misdemeanor. In the motion of the defendant for a new trial error is assigned upon this charge, upon the ground that it tended to confuse the jury and improperly instructed them that it was an engineer's duty to blow his whistle under the circumstances of this case. *Held:* While the charge was in a measure contradictory, and was to that extent erroneous, the error was not so serious, under the circumstances, as to require a new trial under the rule (*Morris* v. *Warlick*, 118 *Ga.* 421 (2), 45 S. E. 407; *Pelham Mfg. Co.* v. *Powell*, 6 *Ga. App.* 308 (4), 64 S. E. 1116) that a charge containing two distinct propositions directly conflicting, the one with the other, will amount to prejudicial error and work a new trial, since section 4 itself contains a clear and express declaration that the engineer is not required to blow the whistle within the corporate limits of a city, town, or village, because of which the jury were not probably misled. While there is a slight difference, there is no substantial difference, upon the point in question, between this case and *Georgia R. Co.* v. *Wallis*, 29 *Ga. App.* 706 (5) (116 S. E. 883), wherein it was held: "It cannot be reasonably presumed that intelligent and upright jurors could have been misled or should have misapplied the latter express declaration of the statute as precluding in this case any rightful application by them of the provisions of the act relating to blow-posts and the blowing of the whistle." See also *Eagle & Phenix Mills* v. *Herron*, 119 *Ga.* 389 (3) (46 S. E. 405); *Martin* v. *Hale*, 136 *Ga.* 228 (2) (71 S. E. 133); *Dixie Mfg. Co.* v. *Ricks*, 30 *Ga. App.* 433 (5) (118 S. E. 452). (BELL, J., dissents from the ruling in this paragraph.)

2. The act of the General Assembly referred to above requires that the engineer shall keep a constant and vigilant lookout for a distance of at least 400 yards before reaching any public crossing located in a city, town or village. *Quære:* Does not the act require a railway company to maintain "a constant and vigilant lookout along the track ahead of its engine while moving within the [*entire*] corporate limits of said city, town, or village," regardless of the distance from the crossing? See section 4.

3. Where certain averments of negligence contained in the petition were stricken on demurrer, and others were unsupported by proof, and the jury were so informed by the judge's charge, a subsequent instruction, that upon proof that the plaintiff was injured by the running of the defendant's locomotive and cars, the presumption would arise that the defendant was negligent in each of the particulars specified in the petition, was not cause for a new trial upon the ground that it authorized a finding for the plaintiff upon the allegations of negligence which had been eliminated. This is true notwithstanding the judge, in withdrawing such averments from the jury's consideration, may have referred to them only by the numbers of the paragraphs of the petition in which they were contained. The jury were not probably misled or confused by these instructions. *Barbour* v. *State*, 8 *Ga. App.* 27, 28 (68 S. E. 458).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur. Bell, J., dissents from the ruling in paragraph 1.*

DECIDED APRIL 26, 1924.

Action for damages; from Whitfield superior court—Judge Tarver.   December 14, 1923.

*Tye, Peeples & Tye, Maddox, McCamy & McFarland,* for plaintiff in error..

*W. C. Martin, Harwell, Fairman & Barrett,* contra.