BOOKER *v.* THE STATE.

No. 11195.   JULY 16, 1936.

*Hugh E. Combs* and *C. D. Colley,* for plaintiff in error.

*M. J. Yeomans, attorney-general, J. Cecil Davis, solicitor-general, B. D. Murphy, assistant attorney-general, George L. Goode,* and *Earle Norman,* contra.

Russell, Chief Justice. 1. Error was assigned upon the following charge: "I charge you that if you believe under the evidence, facts and circumstances of this case, and that beyond a reasonable doubt, that the defendant Tom Booker, in this county, caused the death of or killed Mr. H. A. Sturdivant, the person named in the indictment, to avoid being taken into custody by him, knowing that the object of the officer was to make an arrest for a felony committed prior to that time, why in that event I charge you that the defendant would be guilty of the offense of murder." This charge was error for the reason that it made the defendant's guilt depend solely upon the question whether the defendant killed the officer to avoid being arrested, whereas if the officer was attempting to arrest the defendant without a warrant for a crime that was not committed in his presence, and the defendant was not attempting to escape, or there was not likely to be a failure of justice for want of an officer to issue a warrant, the defendant would have had the right to resist such arrest with such force as was reasonably necessary to prevent it. These principles of law were pertinent and applicable under the evidence, and were entirely ignored in the excerpt complained of, and the error thus committed was not cured by any other instruction given. For this reason the court erred in refusing a new trial. *Coleman* v. *State,* 121 *Ga.* 594 (6, 7) (49 S. E. 716); *Savannah Electric Co.* v. *McClelland,* 128 *Ga.* 87 (2) (57 S. E. 91).

. 2. Other assignments of error were attempted, but as presented they did not show sufficient cause for reversal.

*Judgment reversed. All the Justices concur, except*

Gilbert, Justice, dissenting. I am compelled to dissent from the ruling that the trial court erred in refusing a motion for a new trial because of the alleged error of the judge in charging the jury as quoted in the majority opinion. According to the record the following facts existed: An automobile had been stolen in Augusta, Ga., on the morning of July 3, 1935, the garage from which it was stolen being locked at the time and an entrance being made by breaking the lock. On the afternoon of July 4, 1935, a deputy sheriff at Augusta communicated to the police officers at Washington, Ga., the fact of the theft, and furnished certain descriptions. The deceased and another officer overtook on the streets of Washington a Plymouth automobile of the same kind as the one stolen.

It was occupied by the defendant and two other negroes. The defendant was driving the car. The officers drove alongside the car and stopped. The Plymouth car also stopped. The deceased went to the side of the car occupied by the defendant, and the other officer went to the other side. The deceased told the defendant to get out of the car, which he refused to do, and the deceased took hold of the negro who grabbed the handcuffs of the deceased. The other officer then twisted the handcuffs out of the hands of the defendant, who then grabbed the same officer's gun. Immediately the defendant started the car, at which time the deceased had him by one hand and the other being held by the other officer. The result was that there was a tremendous jerk, and the car went forward and ran into a telephone-pole about thirty-five feet distant. The impact shivered the telephone-pole so badly that it was necessary to remove it. The deceased was thrown against the post from his position on the running-board of the car, and received injuries from which he died six days later. At the time of the incident above described the officers were in their regular police uniforms and caps. Their identity as police officers was unmistakable. The facts show that the defendant was actually under arrest at the time he started the car which resulted in the fatal injury to the deceased. For these reasons I do not think that the quoted charge of the court showed any reversible error. I dissent from the majority ruling.