27316. SECURITIES INVESTMENT COMPANY v. JETT.

DECIDED JANUARY 30, 1939. ·

*Pemberton Cooley, Wright & Covington,* for plaintiff.

*W. L. Nix, A. G. Liles,* for defendant.

FELTON, J. Securities Investment Company sued H. G. Jett in trover to recover certain property. The defense of partial failure of consideration was based on the contention that the note upon which the action was based was given for the purchase-price of goods, and that the consideration for the note had failed to the extent of the unpaid balance of the purchase-price by reason of the fact that the goods were not suitable for the purpose intended. There was no express warranty. The sole questions involved were whether the goods were defective and whether the defendant knew of the defects, or could have known of them by the exercise of ordinary care, at the time he signed a renewal note for the purchase-price some eight months after the purchase. The evidence was conflicting on these issues and the jury found for the defend-

ant. A motion for new trial was denied, to which judgment exception is made.

The court charged the jury: "After acceptance of goods purchased, the presumption is that they are of the quality ordered, and the burden is on the buyer to prove the contrary. Partial payment, with knowledge of the defective condition, will not estop the buyer from pleading partial failure of consideration." This charge is in the language used in Code, § 96-305. This rule of law has application only in cases of express warranty. *Cook* v. *Finch*, 117 *Ga.* 541 (44 S. E. 95); *Henderson Elevator Co.* v. *North Georgia Milling Co.*, 126 *Ga.* 279 (55 S. E. 50); *Mound City Roofing Co.* v. *Walker*, 33 *Ga. App.* 207 (125 S. E. 863); *Puffer Manufacturing Co.* v. *Nunn*, 37 *Ga. App.* 358 (140 S. E. 395). It was error for the court to give this erroneous charge, even when he subsequently gave the correct charge applicable to the facts in the case, when he did not call attention to the erroneous charge and withdraw or correct it. *Savannah Electric Co.* v. *McClelland*, 128 *Ga.* 87 (57 S. E. 91); *Strange* v. *Boatright*, 33 *Ga. App.* 108 (125 S. E. 721); *LaGrange Ice & Fuel Co.* v. *McManamy*, 32 *Ga. App.* 195 (122 S. E. 708); *Morris* v. *Warlick*, 118 *Ga.* 421 (45 S. E. 407); *Atlanta & Birmingham Air-Line Ry. Co.* v. *McManus*, 1 *Ga. App.* 302 (58 S. E. 258); *Rowe* v. *Spencer*, 132 *Ga.* 426 (64 S. E. 468); *Pelham Manufacturing Co.* v. *Powell*, 6 *Ga. App.* 308 (64 S. E. 1116); *W. & A. Railroad Co.* v. *Sellers*, 15 *Ga. App.* 369 (83 S. E. 445); *Atlantic Coast Line Railroad Co.* v. *Andrews*, 20 *Ga. App.* 605 (93 S. E. 261); *Mayor &c. of Madison* v. *Bearden*, 22 *Ga. App.* 376 (96 S. E. 572); *Callaway* v. *Janko*, 26 *Ga. App.* 327 (106 S. E. 189); *Central of Georgia Ry. Co.* v. *Deas*, 22 *Ga. App.* 425 (96 S. E. 267). It was therefore error to overrule the motion for new trial.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*