## 29556. MITCHELL v. EVANS.

DECIDED JUNE 6, 1942.

454

*James D. Childs, Carl T. Hudgins,* for plaintiff.

*H. O. Hubert Jr., J. A. McCurdy Jr.,* for defendant.

FELTON, J.   J. T. Mitchell Jr. sued Mrs. W. L. Evans for damages arising allegedly from defendant's failure to comply with an option contract.   The petition alleged that prior to the time within which he could exercise the option defendant refused to comply with it and expressly and positively declared that she would not convey the land to the petitioner under the option.   The defendant in her answer admitted signing the option but contended that it did not constitute a valid and binding agreement, alleging as follows:   "7.   Defendant shows that she is a woman seventy-two years old; that she is a widow and has been unaccustomed to business dealings, and that on the date above referred to, the defendant was ill.   8.   Defendant shows that petitioner was very insistent upon getting the defendant to sign the paper, the contents of which she did not fully understand but thought that the purpose of same was to indicate her willingness to permit petitioner to operate her farm in connection with the farm of his father.   9.   Defendant shows that on July 6, 1940, she went to the office of the petitioner and told him that the paper was not what she thought it was and that she did not consider herself bound thereby.   Petitioner replied that he would have to talk to his father before taking any action."   By amendment defendant denied refusing to comply with the terms of the option.   Plaintiff demurred to the answer and paragraphs 7, 8, and 9 were stricken, to which ruling there was no exception.   On the trial the jury found for the defendant, and the plaintiff excepted to the overruling of the motion for new trial.

■   Exceptions are made to the following charge to the jury: "If you believe that the defendant told the plaintiff or his authorized agent, if such appears, if you believe that the defendant told the plaintiff or his authorized agent, that she would not sell the property in question and would not permit plaintiff to comply with the terms of the option, then the law would excuse him from making a formal tender of money as required by the terms of the agreement and he would be entitled to recover damages, if the jury believes he is entitled to recover, and the plaintiff contends that this is what occurred, that he did offer to comply with it and that the

defendant in this case by her refusal to sell and to comply with her part of it, that he was prevented from complying with his part of the contract. Now, the defendant contends, gentlemen of the jury, that this did not occur. She contends that she made the option, that there is no dispute as to her signing the option, but there is a dispute as to the fulfillment of it. She contends that she regretted making the option and that she tried to beg off, but that she was willing and ready to comply with the option had the plaintiff in this case fulfilled his part of the terms of the agreement, and she contends that he did not do this and that he failed to do it himself and through his alleged agents. The law requires that where an option to purchase land is given it is necessary for the holder of the option to tender the amount of money on the date required by the written option. In other words the holder of the option must, in order to exercise the option, meet the terms stipulated in the option. If you believe from all the evidence that the plaintiff, by himself or through an authorized agent, failed to exercise the option to purchase the land from the defendant by tendering the amount of money required by the option to the defendant on the date fixed in the option, then it would be your duty to find for the defendant. As I told you, the plaintiff denied this, gentlemen of the jury, and said he was prevented from making this tender, and I charge you that he would be excused from making a formal tender if you believe from all the evidence she prevented him. Now the defendant denies his part of tendering in any way and his offer to comply, and said she was ready and willing to comply with her terms of the contract to sell this property. Now, gentlemen, that is the only issue that you have to try in this case. There is no dispute but what an option was signed. There is a dispute as to whether the plaintiff in this case complied with the terms. He contends that he did everything he could. The defendant in this case denies this, and said that he did not comply with the terms of the agreement, so that is the question you are to decide. If you believe that the plaintiff failed to comply with the terms of this contract, then it would be your duty to return a verdict for the defendant."

One exception is that the charge was harmful, prejudicial, confusing, misleading, and contradictory. The exception is well taken. There was no contention by the plaintiff that he made a legal ten-

der of the money called for by the option. His contention was that he sent an agent to the defendant to comply with the option and that she unequivocally stated to him that she would not sell the land and that therefore tender was excused. The evidence was in sharp conflict on the question as to whether the defendant made the statement to plaintiff's agent that she would not sell the land. The evidence showed without dispute that no tender was made. Several times the court charged that it was plaintiff's duty to comply with the terms of the option. While the court did state the correct law, it can not be said that the conflicts in the charge were not harmful, and the court at no time referred to the incorrect charge as such and did not withdraw it or correct it. *Securities Investment Co.* v. *Jett,* 59 *Ga. App.* 418 (1 S. E. 2d, 69), and cit.

■ The court erred in charging the jury that the plaintiff's measure of damages would be the difference between the option price and the price the land sold for. The rule is that the measure of damages is the difference between the contract price and the market price at the time of the breach of the agreement to sell.

■ The court erred in admitting testimony of the defendant to the effect that she did not know what the option contract was, or what it contained, and that she thought it was a lease with an agreement to sell it to the plaintiff if she decided to sell. The defense sought to be established by such evidence had been stricken, and it was error to admit the testimony over timely objection.

■ There is no merit in any of the other assignments of error. The court erred in overruling the motion for new trial.

*Judgment reversed. Stephens, P. J., concurs. Sutton, J., concurs in the judgment.*