MISSOURI SLOPE LIVESTOCK AUCTION, INC., a North Dakota Corporation, Plaintiff and Respondent,

v.

Eugene C. WACHTER and P. A. Wachter, Defendants and Appellants.

No. 7912.

Supreme Court of North Dakota.

Jan. 31, 1961.

Lord, Ulmer, Bair & Daner, Mandan, for plaintiff and respondent.

Murray & Rosenberg, Bismarck, for defendants and appellants.

STRUTZ, Judge.

This as an action for damages for alleged breach of a contract for deed. The defendants contracted with the plaintiff to sell to the plaintiff a 3½-acre tract of land, more particularly described in the contract as:

All that tract of land lying between the Soo Line right of way and the Northern Pacific Railway right of way, being part of the Northeast Quarter of the Northeast Quarter (NE¼NE¼) of Section Eleven (11), Township One Hundred Thirty-eight (138) North, Range Eighty (80) West, containing approximately 3.50 acres, more or less.

The plaintiff made a down-payment and went into possession under the terms of such contract. Some time thereafter, it was discovered that the defendants had no title to the land described in the contract and that such land in fact was the property of the Soo Line Railroad. Subsequent to the execution of the contract in question, it developed that property of the Northern Pacific and the Soo railroads join at this point, with no land owned by the defendants between their properties. The defendants were, however, the owners of the balance of the quarter-section upon which this tract was located, and there is testimony to show that they had erroneously assumed that they also owned the 3½ acres in question.

Two days prior to the signing of the contract for deed to the 3.50-acre tract described in the complaint, the plaintiff purchased by warranty deed a tract from the defendants containing 6.5 acres, more or less, which tract was not contiguous to the 3.50-acre tract in question. This 6½-acre tract was to the northeast of the Northern Pacific Railway right of way, thus putting it to the north of both railroad lines. This second tract was purchased by the plaintiff from the defendants for cash, and is in no way involved in this lawsuit except that the plaintiff contends that the two tracts were necessary for the operation of its livestock ring and that negotiations for the two tracts were carried on simultaneously. The record shows that the deed to the 6½-acre tract was dated July 10, 1956, while the contract for deed to the 3.50-acre tract in question was dated July 12, 1956.

The plaintiff contends that the 3.50-acre tract was vitally essential to the conduct of its business as a sales ring, and that it would not have purchased the 6.50-acre tract if it had known that the 3.50-acre tract was not available.

The plaintiff brought its action on the theory that the defendants' lack of any title to the 3.50-acre tract constituted a breach of contract and that the measure of its damages is to be determined under the provisions of Section 32–0309 of the North Dakota Revised Code of 1943. That section reads as follows:

"For the breach of an obligation arising from contract, the measure of damages, except when otherwise expressly provided by the laws of this state, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby or which in the ordinary course of things would be likely to result therefrom. No damages can be recovered for a breach of contract if they are not clearly ascertainable in both their nature and origin."

The defendants, on the other hand, set out in their answer, contended at the trial, and argued in their brief in this court that the measure of damages is determined by Section 32–0311 of the North Dakota Revised Code of 1943, which section provides for damages for breach of a covenant in a grant. That section reads:

"The detriment caused by the breach of a covenant of seizin, of right to convey, of warranty, or of quiet enjoyment, in a grant of an estate in real property, is deemed to be:

"1. The price paid to the grantor, or if the breach is partial only, such proportion of the price as the value of the property affected by the breach bore at the time of the grant to the value of the whole property;

"2. Interest thereon for the time during which the grantee derived no benefit from the property, not exceeding six years; and

"3. Any expense properly incurred by the covenantee in defending his possession."

It is conceded that no deed was ever given by the defendants to the plaintiff to the 3.50-acre tract, and thus there was no grant from defendants to plaintiff, but the defendants contend that the contract for deed amounts to a covenant in a grant.

The trial court rejected the defendants' theory on the question of damages, and the jury was instructed on damages substantially as provided for in Section 32–0309 of the North Dakota Revised Code of 1943, providing for damages for breach of contract.

The record further shows that all payments which had been made on the contract for deed by the plaintiff had been tendered back to the plaintiff by the defendants, but that such tender had been refused, and that the defendants thereupon made a deposit of such amounts to the credit of the plaintiff, as provided by law.

Upon the trial of the action, the jury returned a verdict for $5,500 in favor of the plaintiff, whereupon the defendants moved for judgment notwithstanding the verdict, which motion was denied by the trial court. An appeal then was taken by the defendants from the order denying the motion for judgment notwithstanding the verdict and from the judgment.

■ The defendants made a motion for directed verdict at the close of the plaintiff's case, and renewed such motion at the close of all of the evidence. After adverse verdict, and within the time provided by statute, defendants moved for judgment notwithstanding the verdict, which motion was denied by the trial court. On appeal from the order denying such motion for judgment notwithstanding the verdict, the cor-

rectness of the trial court's ruling on such motion is reviewable by this court. Long v. People's Department Store, N.D., 74 N.W.2d 80.

This court has held that, on motion for judgment notwithstanding the verdict, the evidence will be construed most favorably to the party against whom such motion is sought. Schantz v. Northern Pacific R. Co., 42 N.D. 377, 173 N.W. 566; Severinson v. Nerby, N.D., 105 N.W.2d 252.

We have reviewed the record and we find that the evidence, when viewed in the light of the theory on which this case was tried, is ample and sufficient to sustain the verdict of the jury.

We next consider the question which is raised by defendants' appeal from the judgment; whether the trial court applied the proper measure of damages in this action. It is conceded that the defendants did not have title to the 3.50-acre tract which they had contracted to convey to the plaintiff and that they have breached their contract to convey such real property. The record discloses no evidence of bad faith or fraud on the part of the defendants in contracting to convey such property.

Throughout the trial of this action, the defendants contended that the measure of damages, as set out in the court's instructions to the jury, wherein the jury was told that the measure of damages in this case is the amount which would compensate the plaintiff for all the detriment proximately caused by or which likely would result from the defendants' breach of the contract, was improper.

We agree with this contention of the defendants. This court has held that, in an action for damages for failure to convey land on breach of contract to convey real estate, the measure of damages is the difference between the price to be paid under the contract and the value of the land at the time of breach. Merritt v. Adams County Land & Investment Co., 29

N.D. 496, 151 N.W. 11. In the Merritt case, this court said that the proper measure of damages for breach of contract to convey real estate is set forth in Section 7151 of the 1913 Compiled Laws; which provision was embodied in Section 32–0313 of the North Dakota Revised Code of 1943, in effect at the time of trial of this action, and now is found in Section 32–03–13 of the North Dakota Century Code. This statute provides for the measure of damages to be applied in assessing a buyer's damages for failure on the part of the seller to convey real property under a contract for deed, and reads as follows:

"The detriment caused by the breach of an agreement to convey an estate in real property is the difference between the price agreed to be paid and the value of the estate agreed to be conveyed at the time of the breach and the expenses properly incurred in examining the title, and in preparing to enter upon the land, and the amount paid on the purchase price, if any, with interest thereon from the time of the breach."

In the trial of the action now before us, the trial court erroneously instructed the jury on measure of damages. Section 32–0309, which was used by the trial court as a basis for his instruction on damages, specifically states that its provisions shall apply for breach of an obligation arising from contract "except when otherwise expressly provided by the laws of this state." Section 32–03–13 expressly provides for damages for breach of an agreement to convey an interest in real estate, and thus the provisions of Section 32–0309 would not apply.

Applying the provisions of Section 32–03–13 in this case, the damages which the plaintiff would be entitled to recover against the defendants would be the difference between the price agreed to be paid, which was $3,500, and the value, at the time of breach, of the 3.50 acres described in the

contract, plus any expense incurred by the plaintiff in the examination of title, plus any expense incurred by the plaintiff in preparing to enter upon and use the 3:50-acre tract, plus the amount which the plaintiff had paid on the contract, with interest from the time of the breach or the date of discovery that defendants had no title to the tract in question.

This same measure of damages was adopted in the case of Beaullieu v. Atlanta Title & Trust Co., 60 Ga.App. 400, 4 S.E. 2d 78, at page 80, where the court said:

> "For a breach by a vendor of a contract for the sale of land the measure of damage to the vendee is the amount equal to the difference between the value of the land when the contract was broken and the contract price."

See also Mitchell v. Evans, 67 Ga.App. 453, 20 S.E.2d 782; Markoff v. Kreiner, 180 Md. 150, 23 A.2d 19.

The court erred in charging the jury that the plaintiff's measure of damages would be the amount which would compensate the plaintiff for all the detriment proximately caused by breach of defendants' obligation to convey the land in question, or which in the ordinary course of things would be likely to result therefrom. The proper rule of damages for breach of an agreement to convey an estate in real property is the difference between the price agreed to be paid and the value, at the time of breach, of the estate agreed to be conveyed, and expenses properly incurred in examining the title, and in preparing to enter upon the land, and the amount, if any, paid on the purchase price, with interest thereon from time of breach.

Judgment reversed and new trial granted.

MORRIS, BURKE and TEIGEN, JJ., concur.

SATHRE, C. J., deeming himself disqualified did not participate.