## 39530. WHEELER v. STATE HIGHWAY DEPARTMENT.

DECIDED JULY 12, 1962.

George Kushinka, John R. Rogers, for plaintiff in error.

Eugene Cook, Attorney General, Carter Goode, Donald E. Payton, Assistant Attorneys General, D. P. Hulbert, contra.

FELTON, Chief Judge. ■ The two special grounds complain of the following excerpt from the charge to the jury (emphasis by the plaintiff in error): "Now the second element for you to consider, gentlemen, is whether any consequential damages will naturally and proximately result to the remainder of the condemnee's land, you will determine that under the instruction I am now about to give you. *The condemnee contends that he has suffered consequential damages first, by the taking by the condemnor of the lands of the condemnee actually taken, and*

*the devoting of it to those purposes and uses for which it was taken.* And second, by a division and isolation of the remainder of his land by this new road. [The foregoing was quoted in the first special ground and again in the second special ground, together with the following:] *Now if you find that the condemnee has suffered consequential damages as a result of the devoting of the land actually taken for the purposes taken, then you will award damages therefor.* And if you find as a result of the division and isolation of the remainder of the land of the condemnee by this road, there has [sic] been damages to the remainder of the property of the condemnee so as to lessen the pecuniary value of his property not taken, that is an element of consequential damage which you should consider, and is such a taking and damaging as entitles the condemnee to compensation under our law for compensation where private property is damaged for public uses."

Special ground 1 complains that the condemnee had never contended, by pleadings or evidence, that he was entitled to consequential damages for the lands actually taken, this being an element of direct or actual damages, and that this charge, along with another instruction that damages for the lands taken could not be considered as an element of both direct and consequential damages, confused and misled the jury.

"In all cases, in stating the contentions of the parties, the contention of each should be alike fairly stated, and, if a statement of the contention or position of a party be attempted, it must be correctly given." *Rouse v. State*, 2 Ga. App. 184 (4) (58 SE 416). An erroneous and prejudicial statement of the contentions of a party is ground for a new trial. *Hightower v. Ansley*, 126 Ga. 8 (6) (54 SE 939); *Southern R. Co. v. Thompson*, 129 Ga. 367, 368 (1) (58 SE 1044). Misstatements of a party's contentions which tended to confuse the jury as to such contentions and as to the real issues in the case have frequently been held ground for new trials. See *Smith v. Sherwood*, 55 Ga. App. 395 (190 SE 205); *McJenkin Ins. &c. Co. v. Thompson*, 79 Ga. App. 473 (1) (54 SE2d 336). Accordingly, ground 1 is meritorious for the reason that the misstatement of the defendant's contention was calculated to confuse the jury.

Ground 1 is meritorious for the additional reason that the excerpt from the charge is inconsistent with subsequent instructions in the charge. "Where an erroneous principle of law is charged as to a material issue, the error is not rendered harmless by a subsequent statement of the correct principle unless the judge expressly calls attention to the incorrect statement and retracts it." *Snellings v. Rickey*, 57 Ga. App. 836 (1) (197 SE 44); *C. & S. Nat. Bank v. Kontz*, 185 Ga. 131 (2) (194 SE 536); *Securities Investment Co. v. Jett*, 59 Ga. App. 418, 419 (1 SE2d 69); *Mitchell v. Evans*, 67 Ga. App. 453 (1) (20 SE2d 782); *Executive Com. of Baptist Convention v. Ferguson*, 213 Ga. 441, 443 (1) (99 SE2d 150). "The jury should not be left to decide between conflicts in the charge, without having their attention directed thereto by the court and being instructed as to which of the antagonistic principles is correct and applicable, and which should be disregarded." *Savannah Electric Co. v. McClelland*, 128 Ga. 87 (2) (57 SE 91).

■ Ground 2 complains only that the entire excerpt from the charge which is quoted above was "erroneous and not sound as an abstract principle of law." Certain portions were underlined by the plaintiff in error, as indicated in Division 1, but the alleged erroneous portions were not otherwise specified; furthermore, other portions of the excerpt stated correct principles of law. "Where exception is taken to a long extract from the charge of the court, and there is no specification of the error therein, the exception will not be considered, unless all of the charge so excepted to is erroneous. If any of it is sound law, an affirmance will result." *Cobb v. State of Georgia*, 76 Ga. 664 (1); *Grace v. Martin*, 83 Ga. 245 (5) (9 SE 841); *Greeson v. State*, 97 Ga. App. 245, 247 (4) (102 SE2d 503); *Collins v. Porterfield*, 102 Ga. App. 294, 296 (3a) (116 SE2d 105). The assignment of error in ground 2 was not in proper form to be considered and it was therefore properly overruled.

■ The evidence adduced on the trial of the case authorized at least the amount of the verdict for the condemnee, and therefore there is no merit in the general grounds.

The court erred in overruling the motion for new trial.

*Judgment reversed. Bell and Hall, JJ., concur.*