GRAYSON-McLEOD LUMBER COMPANY *v.* CARTER.

Opinion delivered June 17, 1905.

| 76 | 69 |
|----|----|
| e77 | 374 |

| 76 | 69 |
|----|----|
| d88 | 296 |

1. MASTER AND SERVANT—SAFE PLACE—RISK OF EMPLOYMENT.—The rule that a master is required to furnish his servant a safe place in which to work is not applicable where the servant is employed to wreck or tear down a structure, as the servant assumes the hazard of such employment.  (Page 72.)

2. INSTRUCTIONS—CONFLICT.—The error of giving an erroneous and misleading instruction is not cured by giving without explanation a correct instruction on the same subject.  (Page 73.)

3. MASTER AND SERVANT—DUTY TO INSTRUCT.—It was error to instruct the jury that the burden was on the master to instruct the servant as to the risks of his employment, unless there was evidence that the master knew, or ought to have known, that the servant did not appreciate the dangers to which he was exposed.  (Page 73.)

Appeal from Clark Circuit Court.

JOEL D. CONWAY, Judge.

Reversed.

*John H. Crawford,* for appellant.

A servant who knowingly consents to work in a place of danger will be held to assume the attendant risk.  56 Ark. 53; 57 Ark. 82; 68 Ark. 316; 56 Ark. 232; 58 Ark. 168; 27 Minn. 367; 34 Minn. 94; 78 S. W. 363; 124 Ind. 326; 134 Ind. 625;

41 Minn. 289; 88 Wis. 376; 18 R. I. 513; 31 S. W. 525; 34 S. W. 298; 39 Fed. 65; 115 Ind. 566; 111 N. Y. 520; 54 Wis. 226; 66 Ia. 305; 18 Fed. 239; 126 Fed. 494. The court should have given the fourth instruction asked by appellant. 89 Mich. 249; 47 Minn. 128. An order from a master to a servant is immaterial, where the servant is exposed to an assumed risk. 34 N. E. 90; 46 N. E. 417; 66 Mich. 277; 50 N. W. 189; 9 N. E. 728; 12 Atl. 599; 43 N. E. 916; 54 Ill. App. 578; 167 Pa. St. 495; 86 Texas, 96; 31 Fed. 528. Instructions number 1, 2 and 3, given by the court, are erroneous. 56 Ark. 236; 59 Ark. 103; 53 Ark. 188; 65 Fed. 48; 67 Fed. 507.

*J. E. Callaway* and *C. V. Murry,* for appellee.

There was no error in the instructions of the court. 48 Ark. 345; 53 Ark. 128; 30 Ark. 17; 46 Ark. 396; 18 Am. St. 729; 25 *Ib.* 242; 57 Ark. 164; 18 S. W. 977; 20 N. W. 147; 24 N. W. 311. The judgment upon the whole case was right, and should not be reversed. 62 Ark. 228; 56 Ark. 600; 44 Ark. 556; 46 Ark. 542.

BATTLE, J. Henry Carter sued Grayson-McLeod Lumber Company for damages arising from personal injuries. He alleged, in his complaint, substantially as follows: "That defendant owns and operates a line of railway in connection with its sawmill at Gurdon. That plaintiff is a common laborer, and was in 1892 in defendant's employ, engaged in removing a railway trestle; that he was ordered to go upon a trestle by defendant's superintendent, who assured him that it was safe; that in obedience to said order, being unaware of the danger, he went upon the trestle, and while there at work it fell, and he was thrown to the ground, his hip broken, body and head seriously injured, from which he suffered great physical pain and mental distress, continuing for months, and was permanently injured, and made a cripple for life. He charges defendant with negligence, (1) in requiring him to go upon said trestle while it was being torn down, knowing that it was liable to fall, and that it was dangerous to be on it at the time, place and under the circumstances; (2) in being unmindful of his safety in having the

stringers of said trestle pulled down while he was upon it; and (3) in failing to use such care in the removal of the trestle as would subject the laborers thereon to the least possible danger. That before said injury he was a stout, active, healthy man, but since he is permanently disabled and incapable of earning a living.    He prayed judgment for $5,000 damages."

Defendant in its answer specifically denied each and every act of negligence as charged in the complaint, and alleged that plaintiff was engaged in an extra hazardous line of duty, that of dismantling the bridges on its logging road; that whatever danger attended that work was as apparent to plaintiff as it was to defendant; and that, if there was any special danger, the defendant was not aware of it prior to the collapse and fall of the bridge. It alleged that plaintiff's injury grew out of the risks assumed by him, and which were incident to the dangerous character of the work in which he was engaged; that plaintiff was guilty of contributory negligence in exposing himself upon an apparently dangerous bridge.

The evidence adduced in the trial of this action tended to prove the following facts: At the time plaintiff was injured, as alleged in his complaint, he had been working upon defendant's "logging road" for some time. He was working with a crew, taking up the track of the road, wrecking or dismantling a trestle or bridge, taking from it the rails, bolts and spikes, and such ties and stringers as were good and might be serviceable elsewhere. The bridge was 640 feet in length, 23 feet high, and contained 40 "bents," each being 16 feet long. In obedience to the directions of defendant's superintendent, plaintiff and others were upon the bridge, pulling spikes that had been overlooked. While he was so employed, oxen were hitched to the "far end of the trestle" (from where he was at work) pulling off some stringers. The whole bridge fell, and plaintiff was injured.

Among other instructions, the court gave the following to the jury, over the objections of the defendant:

"1. The law requires the master to provide a safe place for the servant to do the work required of him; and, if it is a work of extra hazard, to warn him of the danger, and to direct

the performance of the work in such a way and with such care as will not subject the servant to a risk that a reasonably prudent man would not knowingly assume. So, if you believe from the evidence that the defendant failed in any particular to discharge this duty to the plaintiff, you must find for the plaintiff, unless the proof shows that, after being aware of the danger or by the exercise of ordinary care he might have known of it, the plaintiff failed to use reasonable care for his own safety.

"2. The plaintiff was not required to inspect the trestle to see if it was safe to go upon it; he was only required to use ordinary care. The law made it the duty of the defendant to see that it was safe; and the plaintiff had a right to rely upon the care, superior knowledge and judgment of his employer, and to act upon the assumption that the defendant would not expose him to unnecessary risk, and that it had [taken] and would take all proper precaution to guard him against danger.

"3. Although you may believe from the evidence that the plaintiff knew, or by the exercise of ordinary care might have known, the condition of the trestle in every particular, and the effort that was being made to pull it down, this alone will not preclude a recovery. Before the plaintiff can be charged with having assumed the risk, it must be proved that he not only knew these facts, but that he fully appreciated the danger. So, if you believe from the evidence that a person of plaintiff's experience and intelligence, under all of the circumstances, might reasonably have supposed that he could safely perform the work he was ordered to perform by the use of proper caution, he is not guilty of contributory negligence, unless the proof shows that he failed to use proper care for his own safety, after being aware of the danger, and you should find for the plaintiff."

Other instructions were given. The jury returned a verdict against the defendant for $1,500. It appealed.

The instructions copied above are inapplicable to this case. In this case the appellee was engaged in tearing down a bridge, and in continually changing his place of work, and sometimes in making it more insecure. There was no duty to furnish him a safe place in which to work, since his employment made it his

duty to tear down and to change and destroy his places for work, and to make them safe or unsafe as his work rendered them; and was such as to place it out of the power of his employer to perform such duty. He assumed the hazards of this employment. *Gulf, C. & S. F. Ry. Co.* v. *Jackson,* 65 Fed. Rep. 48; *Finalyson* v. *Utica Mining & Milling Co.,* 67 Fed. Rep. 507, 510.

It is true that the court, at the instance of appellant, instructed the jury as follows: "The doctrine that the master or employer must furnish its servant or employee with a safe place in which to work does not apply to a case where the servant or employee is engaged, with knowledge of the dangers, to do work obviously and inherently hazardous, such as wrecking or repairing structures. In such cases the servant or employee takes upon himself the extra hazardous risk of the employment; and if he is injured, he cannot recover, unless the master or employer is guilty of some act of negligence, or, with knowledge of some special danger unknown to the servant, sends him into the dangerous position."

This did not explain the instructions given over the objections of the appellant, but is in irreconcilable conflict with them.

In the third instruction given over the objection of the defendant the court told the jury: "Although you may believe from the evidence that the plaintiff knew, or by the exercise of ordinary care might have known, the condition of the trestle in every particular, and the effort that was being made to pull it down, this alone will not preclude a recovery. Before the plaintiff can be charged with having assumed the risk, it must be proved that he not only knew these facts, but that he fully appreciated the danger." This is not correct. The burden was not upon the defendant to prove that the plaintiff fully appreciated the danger. There was no evidence that it knew, or ought to have known, that he did not appreciate the danger to which he was exposed, and there was no duty to instruct; and, of course, there was no liability for his failure to appreciate a danger, when there was no duty to instruct. See *Southwestern Telephone Co.* v. *Woughter,* 56 Ark. 210, 211; *Railway Company* v. *Torrey,* 58 Ark. 228; *Ford* v. *Bodcaw Lumber Co.,* 73 Ark. 49.

The instructions given over the objections of the appellant were calculated to mislead the jury, and were prejudicial.

Reverse and remand for a new trial.