SPRATLIN *v.* ST. LOUIS SOUTHWESTERN RAILWAY COMPANY.

Opinion delivered June 17, 1905.

INTERSTATE COMMERCE—PENALTY FOR EXCESSIVE CHARGE FOR TRANSPORTA-
TION.—The act of February 27, 1885, making it unlawful for any
railroad company in this State to charge and collect a greater sum
for transporting freight than is specified in the bill of lading, and
imposing a penalty for so doing, is, when applied to shipments of
freight into the State from without, in conflict with the Interstate
Commerce Act of February 4, 1887, c. 104, § 6, as amended by act of
March 2, 1899, c. 382, and must therefore give way.

Appeal from Arkansas Circuit Court.

GEORGE M. CHAPLINE, Judge.

Affirmed.

Spratlin sued the St. Louis Southwestern Railway Company,
alleging that he purchased a carload of corn at a point on defend-
ant's road in the State of Missouri, and shipped it over defend-
ant's line, consigned to himself to De Witt, Arkansas; that the
bill of lading stipulated that the freight on the carload was $56;
but when the car arrived, defendant demanded and plaintiff was
compelled to pay $12 overcharge in freight and $11 in demur-
rage. Plaintiff asked that he have judgment for the $23 over-
charge and demurrage, and also that he recover, under the act
of February 27, 1885, a penalty of $56 per diem for the eleven
days that it was wrongfully withheld.

The court found the facts as alleged in plaintiff's complaint,
and gave judgment in his favor for $23, but disallowed the pen-
alty. Plaintiff appealed.

*P. C. Dooley,* for appellant.

Our statute does not interfere with interstate commerce; it
is intended only to prevent discrimination, and to make railway
companies adhere to established rates. 17 Wall. 567; 95 U. S.

465; 49 Ark. 291; 107 U. S. 38; 52 Fed. 690; 21 La. Ann. 256; 23 Ia. 349; 55 Nev. 240; 130 Mass. 1; 51 Miss. 335; 52 Fed. 690; 119 N. C. 120; 120 Fed. 144; 57 Fed. 276; 186 U. S. 380; 68 Ark. 38; 65 Ark. 415; 162 U. S. 650; 102 U. S. 691.

*Samuel H. West* and *Bridges & Wooldridge,* for appellee.

The interestate commerce act superseded the act of 1885 of the General Assembly of Arkansas.   68 Ark. 38; 128 U. S. 190; 165 U. S. 631; 195 U. S. 332; 2 Peters, 252; 118 U. S. 571; 125 U. S. 485; 120 U. S. 489; 154 U. S. 473; 184 U. S. 36; 128 Fed. 533; 40 S. W. 431; 81 Fed. 803; 119 Ala. 546; 92 Fed. 349; 43 S. W. 610; 167 U. S. 642.

WOOD, J.   The act of 1885, upon which this suit is based, is a copy of the Laws of Texas, Extra Session 1882, ch. 26, p. 35.   The Supreme Court of the United States in *Gulf, C. & S. F. Ry. Co.* v. *Hefley,* 158 U. S. 98, held the Texas statute was in conflict with the Interstate Commerce Act of February, 1887, as amended by act of March, 1889.   That court said: "The State statute and the national law operate upon the same subject-matter, and prescribe different rules concerning it.   The national law is unquestionably one within the competency of Congress to enact under the power given to regulate commerce between the States. The State statute must therefore give way."

The court shows how the State and national law conflict.   It is only necessary to refer to that opinion as controlling this case. When this court passed upon the act of 1885 in *Little Rock & Ft. Smith Ry. Co.* v. *Hannaford,* 49 Ark. 291, and sustained it as a proper exercise of the police power, Congress had not passed the act of March 2, 1889, amending the interstate commerce law of February, 1887, in the particulars named therein, and the decision of the Supreme Court of the United States construing the effect of the two statutes had not been rendered.

The decision of the Supreme Court of the United States, *supra,* construing the two statutes is conclusive of the question here presented.

Judgment affirmed.