### KANSAS CITY SOUTHERN RAILWAY COMPANY *v.* BROOKS.

#### Opinion delivered October 28, 1907.

1. CARRIER—INTERSTATE COMMERCE.—State laws regulating railway passenger rates do not apply to the case where a passenger enters a train at a station within the State and offers to pay his fare to a station without the State. (Page 236.)

2. SAME—INTERSTATE COMMERCE.—A railway passenger who enters a train within the State intending to journey to a point beyond the State line has a right to break the continuity of the trip by paying fare to an intermediate point within the State, and the railway company will be liable to a penalty imposed by the Legislature for an overcharge made by it for transporting him to such intermediate point. (Page 237.)

Appeal from Miller Circuit Court; *Jacob M. Carter,* judge; reversed.

#### STATEMENT BY THE COURT.

Appellees seek to recover of appellant penalty for overcharge in passenger fare by appellant between the stations of Ashdown in Arkansas and Texarkana, Texas, on appellant's road.

The complaints allege that the distance between Ashdown and Texarkana is twenty miles, and that the regular fare for transportation between said stations is sixty cents, but that appellant, through its agent, wilfully demanded and received for the transportation of plaintiffs from Ashdown in Arkansas to the station of Texarkana, Texas, the sum of eighty· cents, the same being an excessive charge of twenty cents over the regular fare between said stations, and overcharge of ten cents on the combined local rates in Arkansas and Texas, and that said sum was a greater compensation than the law allowed.

The prayer was for three hundred dollars and a reasonable attorney's fee.

The appellant denied all the material allegations of the complaint, and set up affirmatively that the act (sections 6611 to 6620 of Kirby's Digest) under which appellees seek to recover, if held to apply to continuous transportation of passengers between Ashdown, Arkansas, and Texarkana, Texas, is in violation of the Interstate Commerce Act of February 4, 1887, and also of June 29, 1906, amendatory of the act of February 24, 1887.

The suits were separate, but by order of the court and consent of parties were consolidated and tried as one; separate verdicts, however, being rendered in each case.

The appellant, over the objection and protest of appellees, exacted and received from appellee the sum of eighty cents for their transportation as passenger from the station of Ashdown in Arkansas to Texarkana, Texas. In the case of Brooks, he did not offer to pay his fare to Ogden a station in Arkansas, where the train stopped, and where passengers could purchase tickets from that station to Texarkana. He testified that he did not have time to get a ticket at Ashdown, so he paid his fare on the train from Ashdown to Texarkana where he intended to go.

In the case of Armstrong he asked to be allowed to pay his fare to Ogden in Arkansas, and to be allowed to purchase his ticket from there to Texarkana. This request was refused; appellant's auditor giving as a reason that appellee would not have time to get his ticket at Ogden, that the train did not stop long enough there. Ogden was a regular stopping place for the train, and the train stopped there on this occasion. It was shown that the ticket rate from Ashdown to Texarkana was sixty cents. The train rate, without a ticket, was eighty cents.

Appellant offered to show that four cents per mile train rate from Ashdown, Arkansas, to Texarkana, Texas, was the regularly established, printed and published rate in existence on November 8, 1906, but the court would not admit the evidence, to which ruling appellant excepted.

The court, over the objection of appellant, gave the following instructions:

"1. If the jury find from the evidence that the plaintiff, W. S. Brooks, boarded the train of the defendant as a passen-

ger at Ashdown, and was required to pay eighty cents for passage from Ashdown to Texarkana, you are instructed that the same is under the law an overcharge, and subjects the defendant to a penalty of not less than $50, nor more than $300, as you may find under the evidence.

"2.   If the jury find from the evidence that the plaintiff, M. B. Armstrong, boarded the train of the defendant as a passenger at Ashdown, and was required to pay eighty cents for passage from Ashdown to Texarkana, you are instructed that the same is under the law an overcharge, and subjects the defendant to a penalty of not less than $50, nor more than $300, as you may find under the evidence.

"3.   If you find from the evidence that M. B. Armstrong offered to pay his fare to Ogden, Arkansas, and then to buy a ticket from Ogden to Texarkana, and that he was refused permission so to do by the agent of defendant in charge of defendant's train, you are instructed that said defendant could not force the payment of fare from Ashdown to Texarkana as interstate commerce; and if defendant or his agent charged said Armstrong eighty cents, the same is an overcharge, and he is entitled to recover from the defendant a penalty of from $50 to $300, in whatever amount you may agree upon."

To which ruling appellant excepted.

The jury returned a verdict in each case for $150.

Motion for new trial, reserving the exceptions saved, was overruled, judgments entered  in accordance with  the verdict, and this appeal prosecuted.

*Read & McDonough,* for appellant.

1.   Section 6620, Kirby's Digest, does not and can not apply to interstate commerce.  Carrying passengers from a point in Arkansas to a point in Texas is made interstate commerce.  Acts 59 Congress, p. 584, § 1; 17 Am. & Eng. Enc. of L. (2 Ed.), p. 61-2; 187 U. S. 617; 158 *Id.* 98; 76 Ark. 82; 202 U. S. 242; 78 Ark. 182; 80 Ark. 536; Acts of Congress June, 1906, § 6; 158 U. S. 98.

2.   The four cent rate was established by act 1887 as amended and remained in force under act June, 1906.  To have charged plaintiffs three cents a mile would have subjected both

railway and passenger to fine and railway's agent to a term in the penitentiary. There is a conflict between the State law and both Interstate Commerce Acts. Interstate Commerce Acts 1887, 1889 and 1906. The State law must give way. 158 U. S. 98.

*Webber & Webber,* for appellees.

The maximum rate in Texas is four cents for passengers without a ticket. In Arkansas three cents. Kirby's Digest, § 6611, 6613. Branches are part of the main line, whether wholly in this State or extending beyond. *Id.* § 6614; *Id.* § 6620 fixes penalty. The contract was made in Arkansas, and the ticket rate sixty cents. *Id.* § 6613. The sum of the two rates is 69.1 cents. This is the limit of the charge.

The schedules of rates, etc., was not printed and kept open etc., Act Feb. 4, 1887, § 6. Comp. St. U. S. 1901, West. Pub. Co. Ed. The cases 76 Ark. 82; 78 Ark. 182 and 80 Ark. 536 are not overlooked, but, before appellee can invoke the protection of the Interstate Commerce Act, it must comply with it, which was never done. The proof shows that Brooks did not have time to purchase a ticket at Ashdown, and that Armstrong asked to pay to Ogden and there purchase a ticket to Texarkana, which was refused. Ogden was a regular station. Appellees had a right to pay to Ogden, and there buy a ticket. There was an overcharge both in Arkansas and Texas.

WOOD, J., (after stating the facts) : The proof conclusively shows that the payment of the transportation charge in the case of Brooks was an interstate commerce transaction. Brooks was on a continuous journey from Ashdown, in Arkansas, to Texarkana, in Texas. He did not wish or offer to break up the continuous passage. The contract he entered into with the company was to take him from Ashdown, in Arkansas, to Texarkana, in Texas. This was clearly a contract concerning interstate commerce. Act February 4, 1887, § 1; 3 Fed. Stat. Annotated, 809; *Gulf, C. & S. F. Ry. Co.* v. *Hefley,* 158 U. S. 98; *Spratlin* v. *St. Louis S. W. Ry. Co.,* 76 Ark. 82; *Porter* v. *St. Louis S. W. Ry. Co.,* 78 Ark. 182; *Halliday Milling Co.* v. *Louisiana & N. W. Ry. Co.,* 80 Ark. 536.

The Legislature had no power over it. That was for the

Congress of the United States.    Our statutes (sections 6611 to 6620 Kirby's Digest) do not apply to interstate commerce transportation.

The court therefore erred in giving the first instruction in the case of Brooks.    For this error the judgment in his case is reversed, and the cause is dismissed.

But the case of Armstrong is different.    There was evidence to justify the finding by the jury that the transportation as to him was not interstate commerce business.    For there was evidence tending to prove that he offered, and was refused permission, to pay his fare to Ogden, in Arkansas.    He offered to make a part of his journey an intrastate contract.    If this were true, the appellant would be liable for the penalty for overcharge as between these points.

But the court erred in not properly submitting the question to the jury in its instruction number two.    That instruction makes appellant liable, although the contract as herein stated may have been an interstate contract, and did not leave the jury room to consider the evidence as to appellee's offer to pay to Ogden, in Arkansas, and there to purchase a ticket to Texarkana.    He had the right to break the continuity of his journey, if he so desired.    He had the right to purchase "ticket from Ashdown to Ogden, and then to purchase a ticket from there to Texarkana, Texas."    See *Gulf, C. & Sante Fe Ry. Co.* v. *Texas,* 204 U. S. 403.

· The third instruction submitted this question, but it was in irreconcilable conflict with the second.    The instructions should have been consistent.

For the error in giving instruction number 2 concerning the case of appellee Armstrong, the judgment is reversed, and the cause is remanded for new trial.