## FIREBAUGH v. DU BOIS.

No. 7330—Opinion Filed June 27, 1916.

(158 Pac. 924.)

### Trial—Instructions—Requisites—Conflict.

Where the court instructs the jury that the burden of proof is upon the plaintiff to establish by a preponderance of the evidence each of the material allegations of his petition, and in the same instruction and in the same sentence that the burden of proof is upon the defendant to establish by a preponderance of the evidence each of the material allegations of his answer, a part of which was a general denial, such instruction is confusing, conflicting, contradictory, and prejudicial error.

(Syllabus by Brunson, C.)

Error from County Court, Caddo County; C. Ross Hume, Judge.

Action by H. O. Du Bois against F. Firebaugh. Judgment for plaintiff, and defendant brings error. Reversed and remanded for new trial.

Bristow & McFadyen, for plaintiff in error.

A. J. Morris, for defendant in error.

Opinion by BRUNSON, C. The parties to this action will be designated here as they were in the trial court.

On the 17th day of June, 1914, the plaintiff filed his petition in the county court of Caddo county alleging that on the 28th day of May, 1914, he was the owner of and had in his possession nine head of steers of the value of $360; that on the 20th day of May, 1914, the defendant procured the issuance of an execution out of the district court of Caddo county upon a judgment therein against Milo Du Bois, father of the plaintiff; that the defendant went with the sheriff and pointed out to him said steers, and that they were then and there levied upon by the sheriff and taken into his possession and moved to another pasture and afterwards advertised and sold according to law, all without the knowledge or consent of the plaintiff, the defendant thereby converting said steers to his own use. To the plaintiff's petition the defendant answered: (1) That he denied each and every material allegation contained in plaintiff's petition; (2) he admitted that he caused the execution to be issued and levied upon said steers belonging to Milo Du Bois, but denied that the plaintiff had any claim, right, title,

or interest in or to them. He further alleged that the plaintiff had knowledge of the issuance of the execution and of the time of the service of the same; that the identical steers in question had been so taken in possession of the sheriff and removed to another pasture; that he had frequent conversations with the sheriff and the defendant prior to the sale of said steers; that he knew of the advertisement of the steers for sale under the execution and knew the day when they were to be sold; that he had knowledge of all the facts and circumstances of the taking and selling of said steers; that, if they were his, he knew it prior to the sale, but that he stood idly by and permitted them to be sold under the execution and never at any time made any claim whatever to them; and that because of said facts and circumstances he is estopped from setting up or asserting any claim, right, or interest in or to them. To this answer the plaintiff filed his reply, denying each and every material allegation contained therein. Upon the issue so made up, on the 20th day of November, 1914, the cause was tried to a jury, and a verdict was returned by them in favor of the plaintiff, and judgment was by the court rendered accordingly for the plaintiff. In due time the defendant filed his motion for a new trial, which motion was by the court overruled, and to which action of the court, in so overruling the same, the defendant duly excepted, and the case is here on appeal from said judgment.

The court gave the following instruction to the jury, which was at the time duly excepted to by the defendant:

"Instruction No. 2. The jury is instructed that the burden of proof is upon the plaintiff to establish by a preponderance of the evidence each of the material allegations of his petition, and the burden of proof is upon the defendant to establish by a preponderance of the evidence each of the material allegations of his answer."

Since the giving of this instruction was prejudicial error, and the case must be reversed, it is not necessary to set out any of the evidence.

Counsel for defendant earnestly contends that the giving of this instruction is reversible error, and that it clearly puts the burden of proof of the whole case upon the defendant, and charges him with the duty of convincing the jury by a preponderance of the evidence that the plaintiff was not entitled to recover. On the other hand, it is the contention of counsel for plaintiff that no complaint was made of this instruction in the motion for a new trial, and that the only ground in the motion which could possibly challenge the attention of the trial court to

this instruction is the seventh, which is as follows:

"Errors of law occurring at the trial and excepted to by the defense."

In Boyd v. Bryan, 11 Okla. 56, 65 Pac. 940, a part of the syllabus reads as follows:

"The eighth statutory cause for a new trial, viz., 'Error of law occurring at the trial and excepted to by the party making the application,' will, when embraced in the motion for new trial, present to trial court any objection or exception properly made and saved during the progress of the trial."

The notice of the trial court was sufficiently challenged to this erroneous instruction, and he was given a chance to correct it, and we are of opinion that this instruction is so worded that it is erroneous, misleading, and calculated to cause the jury to take the view that the defendant was charged with the duty of convincing them by a preponderance of the evidence that the plaintiff was not entitled to recover.

In Encyc. Pleading and Practice, vol. 2, p. 481, it is said:

"Instructions are presumed to have been followed by the jury and to have influenced the verdict. If the jury were instructed to reject improper evidence or items of recovery, they will be presumed to have done so; and, on the other hand, if the charge was erroneous in any material respect, it will be presumed to have affected the jury."

In 38 Cyc. pp. 1604 and 1605, it is said:

"Conflicting or contradictory instructions furnish no correct guide to the jury, and the giving thereof is erroneous. Instructions of this character are misleading, as the jury are not supposed to know when the judge states the law correctly and when incorrectly, and they should not be left to reconcile conflicting principles of law. The giving of contradictory instructions is ordinarily held ground for reversal. The error in giving incorrect instructions is not cured by giving correct instructions in conflict with them." Payne v. McCormick Harvesting Co., 11 Okla. 318, 66 Pac. 287; Neis v. Whitaker, 47 Or. 517, 84 Pac. 699; Carter v. Fulgham, 134 Ala. 238, 32 South. 684; Grayson-McLeod Lumber Co. v. Carter, 76 Ark. 69, 88 S. W. 597; Rector v. Robins, 74 Ark. 437, 84 S. W. 667; Lemasters v. Southern Pac. Co., 131 Cal. 105, 63 Pac. 128; Deserant v. Cerillos Coal R. Co., 178 U. S. 409, 20 Sup. Ct. 967, 44 L. Ed. 1127; Edwards v. Atlantic Coast Line Co., 129 N. C. 78, 39 S. E. 730; Union Pac. R. Co. v. Milliken, 8 Kan. 647; Savannah E. Co. v. McClelland, 128 Ga. 87, 57 S. E. 91; Kansas City South. R. Co. v. Brooks, 84 Ark. 233, 105 S. W. 93.

The trial court told the jury in this instruction that the burden of proof was upon the plaintiff, and in the next breath and in the same sentence he told the jury that the burden of proof was upon the defendant. Such instruction is confusing, conflicting, contradictory, and prejudicial error.

There are various other errors assigned in this case, but, as the error pointed out must result in a reversal of this cause, we deem it unnecessary to review them.

This cause is reversed and remanded to the county court of Caddo county, with instructions to set aside the judgment heretofore rendered in favor of the plaintiff and grant a new trial.

By the Court: It is so ordered.