### EAGLE-PICHER MINING & SMELTING CO. v. LAYTON, Adm'r.

No. 26450. March 29, 1938.

Clayton B. Pierce, Truman B. Rucker, and A. C. Wallace, for plaintiff in error.

Commons & Chandler and J. J. Smith, for defendant in error.

WELCH, J. The defendant has appealed from the judgment rendered upon verdict awarding damages for an alleged negligent injury resulting in death.

The question of the correctness of the giving of instruction No. 2 is presented. The instruction is as follows:

"You are instructed that the burden of proof is upon the defendant to prove by a fair weight and preponderance of the evidence all of the material allegations set forth in its answer as submitted to you in these instructions, excepting such matters as are admitted by the plaintiff to be true."

Plaintiff's case rested upon alleged negligent acts on the part of defendant, which were alleged to be the proximate cause of the admitted injury. The defendant denied any and all acts of negligence and denied that any alleged act of negligence on its part was the proximate cause of the injury. The defendant also interposed the affirmative defense of contributory negligence.

The instructions of the court contained the following with reference to the defense interposed:

"For its answer the defendant denies each and every allegation in plaintiff's petition except as specifically admitted. It denies that it is guilty of negligence in any particular and alleged that it operated its trains carefully and with due caution; that it sounded a whistle giving complete warning of its passing on said crossing."

It is to be seen that a vital issue was the asserted negligence and that same was the proximate cause of the injury. Plaintiff's pleadings and evidence sought to establish the affirmative of such issues, and defendant's pleadings and evidence, among other things, sought to establish that there was no negligence, and that if any negligent act was committed, the same was not the proximate cause of the injury. It is the well-settled rule that the plaintiff has the burden of proof and must establish the affirmative of such issues by a preponderance of the evidence.

In Stone v. Case, 34 Okla. 5, 124 P. 960, it was held in paragraph 1 of the syllabus as follows:

"In an action against a bailee for loss of property, where it is alleged that the loss was occasioned by fire, and that such fire was caused by the negligence of bailee, it is error to instruct the jury that the burden is upon the defendant to prove that he was not negligent. In such case the burden is upon the plaintiff to prove a prima facie case; and such prima facie case must outweigh an affirmative defense, if such defense is interposed, before plaintiff is entitled to recover."

The following appears in the opinion:

"In considering these objections, we will first take up the instructions of the court. After stating the issues to the jury, the court, in paragraph 9 of his charge, says:

"'You are instructed, gentlemen of the jury, that the burden of proof is upon the defendant to show that he exercised reasonable care in the protection of the piano, and that the same was not destroyed through his ordinary negligence, or the ordinary negligence of his servants, agents, or employees, while acting within the scope of their employment.'

"This instruction places a greater burden upon the defendant than is placed upon him by the settled rule of law in such cases. There is a universal and unvarying rule of law that the burden is upon the plaintiff to allege and establish the facts upon which he relies for recovery; to allege and establish such facts as will entitle him to a recovery. The underlying principle in which it is planted, and from which it has had its growth, constitutes one of the pillars of civil jurisprudence. * * *"

In City of Woodward v. Bowder, 46 Okla. 505, 149 P. 138, it was held in the 7th paragraph of the syllabus as follows:

"The burden of proof, as it affects the duty of the jury in respect to its action upon either its mere nonbelief or its positive disbelief of essential affirmative allegations of a plaintiff, put in issue by mere denial on the part of the defendant, never shifts from the former to the latter, but, to entitle plaintiff to prevail on such an issue, the evidence must preponderate in his favor after it is all in; and it is therefore prejudicial error to instruct the jury to the effect that, after plaintiff has adduced evidence establishing his case, the verdict must be for him, unless the defendant adduces a preponderance of evidence against the same."

In the opinion it is said:

"We come now to consider the assignment of error upon the following instruction given by the court to the jury:

"'While you are instructed that the burden is upon the plaintiff to establish his case by a preponderance of the evidence, you are also instructed that if the plaintiff in the first instance established, by a preponderance of the evidence, negligence on the part of the defendant, then and in that event the burden shifts to the defendant, and it will be incumbent upon the defendant, to disprove negligence on its part by a preponderance of the evidence, and if the defendant fails by such preponderance to disprove negligence on its part you should find for the plaintiff.'

"The petition was the ordinary petition for damages resulting from negligence in respect to the condition of defendant's sidewalk; and the answer consisted of general and particular denials, and allegations having the effect of such denials, with allegations of contributory negligence. The issue being thus made by the pleadings, the in-

struction appears to have been prejudicially erroneous.

"The burden of proof, or, in other words, of going ahead with the evidence, to prevent an adverse ruling or action by the judge upon a question of law, as, for illustration, upon a demurrer, or motion, or in giving or refusing an adverse instruction involving the question of who has the burden, with its resultant effect upon the verdict of the jury in some instances, may often shift from one party to the other during the trial; but the burden of proof as it affects the duty of the jury in respect to its action upon the different possible states of its own belief as to essential affirmative allegations put in issue by more denials, or, in other words, the risk of the jury's mere nonbelief, never shifts, but remains with the party who has it in the first instance; and in the event of the jury's nonbelief, even though it does not positively disbelieve the plaintiff's allegations, the verdict should be for the defendant. 4 Wigmore on Evidence, secs. 2485-2489; 2 Modern Law of Evidence (Chamberlayne) secs. 938-941; Jones on Evidence (2d Ed.) sec. 177; Standard Marine Ins. Co. v. Traders' Compress Co., 46 Okla. 356, 148 P. 1019.

"This instruction, in effect, erroneously requires the defendant to adduce a preponderating quantity of evidence to defeat any prima facie case that may be established by the evidence for the plaintiff, while under the law it was also entitled to a verdict upon adducing a quantity merely equal in effect upon the belief of the jury to that supporting such prima facie case, assuming that the effect of plaintiff's evidence made it necessary for the defendant to adduce any evidence to prevent an adverse verdict. In other words, if the plaintiff did adduce evidence sufficient to establish his right to recover, the defendant was not bound to adduce a sufficient quantity to outweigh and turn the scales against the plaintiff's evidence, but was entitled to prevail, even if it adduced only a sufficient quantity to weigh equally against the same and thus balance the scales, as the plaintiff has the risk of loss in case of the jury's nonbelief, as well as in case of its positive disbelief, of his evidence.

"After all the evidence is in, in respect to the issue as to defendant's negligence, that which makes or tends to make a case for the plaintiff is weighed against that which is to the contrary; and if, upon considering all the evidence, it fails to preponderate in favor of the plaintiff, the verdict should be for the defendant."

See, also, Standard Marine Ins. Co. v. Traders' Compress Co., 46 Okla. 356, 148 P. 1019.

The instructions given in the case of Firebaugh v. Du Bois, 59 Okla. 236, 158 P. 924, is quite similar to the questioned instruction in the instant case. We quote the syllabus therein:

"Where the court instructs the jury that the burden of proof is upon the plaintiff to establish by a preponderance of the evidence each of the material allegations of his petition and in the same instruction and in the same sentence that the burden of proof is upon the defendant to establish by a preponderance of the evidence each of the material allegations of his answer, a part of which was a general denial, such instruction is confusing, conflicting, contradictory, and prejudicial error."

The instruction therein given is as follows:

"Instruction No. 2. The jury is instructed that the burden of proof is upon the plaintiff to establish by a preponderance of the evidence each of the material allegations of his petition, and the burden of proof is upon the defendant to establish by a preponderance of the evidence each of the material allegations of his answer."

And in connection therewith the court said:

"The notice of the trial court was sufficiently challenged to this erroneous instruction, and he was given a chance to correct it, and we are of the opinion that this instruction is so worded that it is erroneous, misleading, and calculated to cause the jury to take the view that the defendant was charged with the duty of convincing them by a preponderance of the evidence that the plaintiff was not entitled to recover."

"In Encyc. Pleading and Practice, vol. 2, p. 481, it is said:

"'Instructions are presumed to have been followed by the jury and to have influenced the verdict. If the jury were instructed to reject improper evidence or items of recovery, they will be presumed to have done so; and, on the other hand, if the charge was erroneous in any material respect, it will be presumed to have affected the jury.'

"In 38 Cyc. pp. 1604 and 1605, it is said:

"'Conflicting or contradictory instructions furnish no correct guide to the jury, and the giving thereof is erroneous. Instructions of this character are misleading, as the jury are not supposed to know when the judge states the law correctly and when incorrectly, and they should not be left to reconcile conflicting principles of law. The giving of contradictory instructions is ordinarily held ground for reversal. The error in giving incorrect instructions is not cured by giving correct instructions in conflict with them.' Payne v. McCormick Harvesting Mach. Co., 11 Okla. 318, 66 P. 287; Neis v. Whitaker, 47 Ore. 517, 84 P. 699; Grayson-McLeod Lumber Co. v. Carter, 76

Ark. 69, 88 S. W. 597; Rector v. Robins, 74 Ark. 437, 86 S. W. 667; Lemasters v. Southern Pac. Co., 131 Cal. 105, 63 P. 128; Deserant v. Cerillos Coal R. Co., 178 U. S. 409, 20 Sup. Ct. 967, 44 L Ed. 1127; Edwards v. Atlantic Coast Line R. Co., 129 N. C. 78, 39 S. E. 730; Union Pac. R. Co. v. Milliken, 8 Kan. 647; Savannah E. Co. v. McClelland, 128 Ga. 87, 57 S. E. 91; Kansas City South. R. Co. v. Brooks, 84 Ark. 233, 105 S. W. 93; Carter v. Fulgham, 134 Ala. 238, 32 South. 684.

"The trial court told the jury in this instruction that the burden of proof was upon the plaintiff, and in the next breath and in the same sentence he told the jury that the burden of proof was upon the defendant. Such instruction is confusing, conflicting, contradictory, and prejudicial error."

It is true herein that the court instructed that plaintiff must establish his case by a preponderance of the evidence given herein. It is also apparent that instruction No. 2 placed the burden of sustaining certain vital issues by a preponderance of the evidence upon the defendant, when the same in law rested upon the plaintiff, and the giving of such instruction was therefore erroneous.

The plaintiff in his brief appears to devote little attention toward discussion or citation of authorities contrary to the above expressions, but suggests in his brief that if such instruction is erroneous, it is harmless. No authorities are given by him on the point.

We are aware, however, of numerous decisions of this and other courts where many and varied erroneous instructions have been held to be harmless. Whether or not an erroneous instruction is harmless in a given case is usually determined from all the facts and circumstances in the particular case. We do not find it necessary here to express an opinion as to what we might have concluded in this case if the evidence were so strongly in plaintiff's favor as to preclude a reasonable possibility that the error influenced the verdict. We are not herein dealing with that kind of case.

The evidence here is such as to require extreme care and consideration to determine those questions and others presented in the case, and it is wholly plausible to suspect that the jury may have considered the defendant's evidence equally as strong as that of the plaintiff. We cannot say that the record here discloses other than the strong probability that the jury would have rendered a verdict in favor of the defendant had there been proper instruction given.

In Halsell v. First Nat. Bank of Muskogee, 48 Okla. 535, 150 P. 489, it was held in the fifth paragraph of the syllabus as follows:

"Where a material issue is presented by the pleadings, and there is evidence tending to support it, a serious misdirection in the charge cannot be held harmless error."

Other authorities supporting directly and by analogy our conclusion here are Edward McClosky v. Harry Koplar, 329 Mo. 527, 46 S. W.2d 557, 92 A. L. R. 641; Sweeney v. Erving, 228 U. S. 233, 57 L. Ed. 815, 33 S. Ct. 416; 3 Amer. Juris. p. 629, par. 1101; 14 R. C. L. 728, par. 4; La Dow v. Oklahoma Gas & Electric Co., 28 Okla. 15, 119 P. 250; Jennings v. Cooper (Mo. App.) 230 S. W. 325; Indianapolis & Cincinnati Traction Co. v. Sherry (Ind. App.) 116 N. E. 594; Commerical Union Assurance Co., Ltd., v. Shumacher (Ind. App.) 119 N. E. 532.

There are various other errors assigned, but, as the error in giving instruction No. 2 must result in a reversal, we deem it unnecessary to review them.

The judgment is therefore reversed, and the cause remanded for a new trial.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, CORN, GIBSON, HURST, and DAVISON, JJ., concur. PHELPS, J., dissents.

PHELPS, J. (dissenting). I cannot concur in the majority opinion wherein the judgment of the district court is reversed upon alleged error of the trial court in giving instruction No. 2. In outlining the issues, in the instruction, the trial judge told the jury that in its answer the defendant denied each and every allegation in plaintiff's petition except those specifically admitted, and in addition affirmatively alleged that it operated its trains carefully and with due caution; that it sounded a whistle, giving warning of its passing over the crossing; that deceased was negligent and that his negligence in operating his truck contributed to the accident; that with full knowledge that the road was coated with ice he drove at a reckless and high rate of speed; that he did not keep a lookout nor use proper care for his own safety; that he did not use caution to observe the approaching train; that he did not use the care that a prudent person would use under the circumstances; that his truck was many times overloaded, making it dangerous and rendering it impossible for him to stop or guide the truck; that he was negligent in failing to stop and

allow the train to proceed over the crossing, but on the contrary struck the train—

"And it is therefore alleged on the part of the defendant that said acts of negligence on the part of said Helmerick were the direct and proximate cause of the accident without which said accident would not have occurred and that defendant did all within its power to avoid the accident and specifically denied that the train struck the deceased but that the deceased struck the train."

The trial judge then proceeded to give the jury instructions as to the law applicable to the pleadings and facts shown by the evidence. Instruction No. 1 told the jurors that the burden was upon the plaintiff to prove the material allegations of his petition by a preponderance of the evidence. Instruction No. 2, upon which the judgment of the trial court is reversed, is as follows:

"You are instructed that the burden of proof is upon the defendant to prove by a fair weight and preponderance of the evidence all the material allegations set forth in its answer as submitted to you in these instructions, excepting such matters as are admitted by the plaintiff to be true."

In instruction No. 9 the trial judge told the jurors that if they found from a fair preponderance of the evidence that the deceased negligently drove his truck in the direction of the railroad crossing without using that care and caution an ordinarily prudent person would use, and that by reason thereof the accident occurred, the plaintiff could not recover unless the defendant knew of the dangerous position of deceased in ample time to have avoided the accident and after having knowledge of his danger, failed to avoid the accident.

In instruction No. 10 the trial judge told the jurors that even though the defendant be shown to have been guilty of negligence, the plaintiff could not recover if it be shown that deceased was guilty of contributory negligence which had something to do with causing the accident, unless the jurors were convinced from the evidence that defendant, by the exercise of reasonable care and prudence, could have avoided the consequences of the negligence of the deceased after discovering the peril in which he was placed; but that the negligence of the deceased would not bar recovery if they found that the employees in charge of the train discovered the position of the deceased and knew of his imperiled situation a sufficient length of time to have avoided the accident.

Instruction No. 11 told the jurors that if those operating the train saw the deceased in a position of peril from which he was unable to extricate himself, then it became their duty to exercise reasonable precaution to avoid injury, and that if they saw and appreciated the position of peril of deceased and negligently failed to exercise ordinary care and caution to prevent his death, then the defendant would be liable.

It is, therefore, my conclusion that when the trial judge, in instruction No. 2, told the jurors that the burden of proof was upon the defendant to prove by a fair preponderance of the evidence all the material allegations set forth in its answer and gave the other instructions above quoted, that the jurors were bound to understand that the court meant that defendant must prove the affirmative allegations of its answer, after the plaintiff had made out a prima facie case, and that there is no ground for saying that the instruction confused the jurors as to their duty.

We have so often said and reiterated the time-honored and well-known principle of law that in considering alleged errors in the instructions no single instruction must be singled out and considered alone, but that all of the instructions must be considered together as a whole—that it is unnecessary to further emphasize it here. I have seldom seen a set of instructions, when taken as a whole, in a damage suit, so thoroughly covering every phase of the case, as reflected by the pleadings and evidence, as do the instructions in this case, and I cannot agree that instruction No. 2, upon which the verdict of the jury and judgment of the trial court are set aside and reversed, is erroneous when considered in connection with the other instructions given.

I, therefore, dissent.