EL KOURI v. TOMA.

No. 32785.    June 1, 1948.

*194 P. 2d 872.*

L. B. Yates, of Altus, for plaintiff in error.

Frank Petree, of Altus, and Hughes & Hughes, of Hobart, for defendant in error.

HURST, C. J. During the early part of 1940, the plaintiff owned a grocery store in the city of Altus. He sold the store and fixtures to Joe El Kouri, father of the defendant.

The plaintiff alleged and offered evidence tending to prove that the agreement for sale was made about March 19, 1940, at which time Joe El Kouri, who is the cousin of plaintiff, delivered to plaintiff two checks issued to Joe El Kouri by third parties and endorsed by him; that these checks amounted to $875; that the deal was to be closed on March 31st, when the inventory was to be taken and the exact amount of the purchase price was to be determined; that for fear that something might happen to prevent the sale from being consummated, Joe El Kouri requested the plaintiff to give him a check for $875 that would serve as a receipt and would be destroyed if the sale was consummated; that at the request of Joe El Kouri, the check was made payable to Gus El Kouri, the defendant, who was the 18-year old son of Joe El Kouri; that the inventory was made on Sunday, March 31, 1940, and showed the value of the stock of groceries to be $6,311.53; that the inventory introduced in evidence by plaintiff showed a credit of $875, represented by the two checks, credit being given on March 31, 1940; that Joe El Kouri had difficulty making the payments on the sale and that plaintiff sued him several times in order to collect the delinquent payments; that sometime after the sale was consummated, plaintiff requested Joe El Kouri to deliver back to him the $875 check, which had been given as a receipt, but Joe El Kouri advised him that the check had been destroyed; that one of the suits by plaintiff against Joe El Kouri was tried in March, 1943; that on March 19, 1943, Gus El Kouri, the defendant, deposited the check for $875 in the garnishee bank and in due course it was paid by the First National Bank of Snyder, Oklahoma, on which it was drawn. On April 1, 1943, and as soon as the plaintiff discovered that the check had been cashed, this suit was filed.

The defendant, Gus El Kouri, alleged and offered in evidence of himself and his father to the effect that plaintiff sold the store to his father during the latter part of February, 1940, and on March 19, 1940, while he was working in his father's said store in Altus, he cashed said $875 check for the plaintiff and paid the sum of $875 of his own money to plaintiff.

It will thus be seen that the issue of the consideration and purpose of the check made by the pleadings and evidence was sharply drawn. The jury found this issue in favor of plaintiff, and judgment was rendered accordingly.

The court gave two instructions on the question of the burden of proof. By instruction No. 1, the court advised the jury that the burden of proof was on the plaintiff to establish by a fair preponderance of the evidence the material allegations of his petition. But by instruction No. 3, the court instructed the jury as follows:

"It is the contention of the defendant in this case that the check in question was given for a good and valuable consideration to him, and he denies that he is indebted to the plaintiff in any sum whatsoever.

"Should you find this contention to be true, by a fair preponderance of the evidence, your verdict should be for the defendant, but the burden of proving the same rests upon the defendant to prove the allegations of his answer."

The defendant duly excepted to instruction No. 3, and the only question argued by him for reversal is that, by the giving of this instruction, the court committed reversible error. In support of this argument, appellant cites Eagle-

356

Picher Mining & Smelting Co. v. Layton, 182 Okla. 405, 77 P. 2d 1137, and other authorities.

We are of the opinion, and hold, that the giving of instruction No. 3, placing the burden on the defendant of proving that the check was given for a valuable consideration, constituted reversible error. The check was made payable to the defendant and is presumed to be for a valuable consideration. 48 O. S. 1941 §§71, 402. The answer of the defendant constituted a general denial together with some allegations that could have been proved under the general denial. The plaintiff alleged in his petition that the check was given without consideration, and it was necessary for him to prove facts establishing such allegation in order to make out a case of money had and received. Levine v. Shaffer, 190 Okla. 194, 122 P. 2d 1010; Rogers v. Lassiter, 196 Okla. 228, 164 P. 2d 632; 7 C. J. S. Assumpsit, Action of, §§ 9, 28, 114, 133; 4 Am. Jur., Assumpsit, §§20, 44. The court properly placed this burden upon plaintiff in instruction No. 1, but erroneously placed it upon defendant in instruction No. 3. The instructions were, therefore, conflicting and confusing to the jury. The evidence on this question being in sharp conflict, it was for the jury to pass upon the credibility of the witness and the weight of the evidence, and to resolve the conflict under proper instructions. The error was not harmless. See Eagle-Picher Mining & Smelting Co. v. Layton, above, and authorities there cited; Farmers Automobile Inter-Insurance Co. v. Little, 191 Okla. 244, 129 P. 2d 70; First National Bank v. Nolen, 59 Okla. 20, 157 P. 754; 64 C. J. 710; 4 C. J. 1031, note 31; 5 C. J. S. 1117; 53 Am. Jur. 520, §676; 3 Am. Jur. 632, §1108.

Reversed for a new trial.

DAVISON, V. C. J., and RILEY, CORN, GIBSON, and LUTTRELL, JJ., concur. WELCH and ARNOLD, JJ., dissent.

WELCH, J. (dissenting). I think the reversal of this judgment will work an undue hardship on plaintiff in court costs and delay without the serving of any useful purpose or any real necessity.

As shown by the majority opinion, the issues are clear cut, the contentions and theories of the parties are wide apart. And while the trial court did use unnecessary language as to burden of proof in instruction No. 3, I think that was but little more than an overstatement of defendent's theory, under the circumstances of the case.

Throughout the instructions as a whole the court correctly told the jury that the burden was on plaintiff and the plaintiff could not recover without proof of his cause and that the burden of proof was on plaintiff and the verdict should go for defendant if plaintiff failed to make good on his burden of proof.

The record shows the evidence was overwhelmingly in favor of plaintiff's theory, and in view of all the circumstances I regard it as not possible in this case for the jury to have been misled or in any manner confused by the giving of instruction No. 3. I would therefore settle the matter by affirming the judgment, however, without specifically approving any instruction which makes the slightest incorrect statement as to the burden of proof.