**CITY OF TULSA, a Municipal Corporation, Plaintiff in Error,**

**v.**

**Ida PEARSON, Defendant in Error.**

**No. 36351.**

Supreme Court of Oklahoma.

Nov. 3, 1954.

Rehearing Denied Nov. 30, 1954.

**136**

H. M. Crowe, Jr., Edmund Lashley, Richard K. McGee and John W. Hager, Tulsa, for plaintiff in error.

W. S. Myers and Lamoin Oldham, Tulsa, for defendant in error.

WILLIAMS, Justice.

Plaintiff, Ida Pearson, sought in this action to recover damages for injuries to her person alleged to have occurred because of the negligence of the defendant, City of Tulsa. The trial was to a jury and resulted in a verdict and judgment in favor of plaintiff for the sum of $1,350.

Defendant's motion for new trial was overruled, and it has now perfected its appeal to this court seeking reversal of the judgment under five propositions submitted in its brief. Although the order of appearance is reversed in this court, we shall refer to the parties herein as they appeared in the trial court.

Plaintiff was allegedly injured on January 2, 1952, while walking across a parking in one of the streets in a residential section of the city of Tulsa. It is alleged that she stepped on the lid of a water meter box which tipped, and her foot and a part of her leg dropped into the meter box, producing the injury complained of.

Defendant's first proposition of error concerns instructions number 12 and 15 given to the jury by the trial court. These instructions are as follows:

"Instruction No. 12. You are instructed that under the ordinances of the City of Tulsa, the city had the duty to install the meter and meter box involved in this action, and thereafter the exclusive control thereof, and was presumed to have notice and knowledge of any defects in the said meter box and the lid thereof.

"Instruction No. 15. You are instructed that before the City of Tulsa can be liable for any accident resulting from said meter lid being tilted or out of seat on the frame of said meter can, it must have had actual notice, prior to the time of the alleged accident, of said meter lid being tilted and in a dangerous condition or said meter lid must have been tilted or out of said meter frame slot for a sufficient length of time that, in the exercise of ordinary care and inspection, the City of Tulsa could have ascertained the same. And you are further instructed that if you find that the City of Tulsa did not have actual notice or constructive notice of said meter lid being tilted or out of said frame, then your verdict should be for the defendant, City of Tulsa."

Defendant contends that instruction No. 12 is erroneous in that it takes the question of notice completely away from the jury and further that it is diametrically contradictory to instruction No. 15, resulting in the instructions as a whole being contradictory and tending to confuse the jury. We are of the opinion that such contention is well taken.

It is immediately apparent that the two instructions are completely contradictory on the question of notice to the defendant. The issue of notice was highly contested in the case and was one which was quite properly left to the jury. It should have been submitted to the jury under proper and consistent instructions, however, and not under inconsistent and conflicting instructions. As we said in Pitts-

burg County Ry. Co., v. Hasty, 106 Okl. 65, 233 P. 218, 219:

"The instructions must always be considered as a whole, but they must be consistent and harmonious, and where two instructions are given containing inconsistent or conflicting propositions, tending to confuse the jury, the cause will be reversed for the reason that the court is unable to determine which instruction the jury followed and which they ignored."

The same holding is also found in paragraph 2 of the syllabus in the case of El Kouri v. Toma, 200 Okl. 354, 194 P.2d 872.

 Not only are the two instructions contradictory, but instruction 12 is completely erroneous. The city ordinance upon which the instruction is based is set out in the record, and we find nothing therein which would justify such an instruction. The ordinance does not purport to change the law with respect to notice and in fact does not even deal with the subject at all.

 Whether the municipal corporation had actual notice of the defective condition, or whether it had existed for a sufficient period of time for the municipal corporation to be advised of its existence by the exercise of ordinary care, are questions of fact for the jury under proper instructions from the court. City of Picher v. Barrett, 120 Okl. 66, 249 P. 739. Obviously,

then, an instruction to the effect that the municipal corporation is presumed to have notice of any defective condition is erroneous.

 The only argument advanced by plaintiff with regard to the instructions is that defendant did not object to or save exceptions to the instructions given and did not assign as error the question of the court's instructions in its motion for new trial. We find no basis in the record for such argument. The record reveals that defendant excepted to instruction No. 12, which exception was noted and signed by the trial judge, and that defendant's motion for new trial assigned as error, errors of law occurring at the trial and excepted to by the defendant. Defendant has therefore preserved its record in regard to the instructions and the question is properly before us on appeal.

Other assignments of error are presented which it becomes unnecessary to consider in view of our opinion that a new trial must be granted because of the matters hereinabove set forth.

Reversed and remanded with instructions to grant defendant a new trial.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON and BLACKBIRD, JJ., concur.

ARNOLD, J., dissents.