**CITY OF TULSA, a Municipal Corporation, Plaintiff in Error,**

v.

**Ida PEARSON, Defendant in Error.**

No. 36975.

Supreme Court of Oklahoma.

March 13, 1956.

Rehearing Denied May 2, 1956.

T. A. Landrith, Jr., Edmund Lashley, Richard K. McGee, K. Bill Walker, R. E. Lavender, Tulsa, for plaintiff in error.

W. S. Myers, Lamoin Oldham, Tulsa, for defendant in error.

PER CURIAM.

The plaintiff brought this action to recover damages for injuries to her body alleged to have been sustained because of the negligence of the defendant, the City of Tulsa. The trial was to a jury and resulted in a verdict in favor of the plaintiff upon which the court rendered judgment for $2,700. This was the second trial of the case. The former judgment was appealed and reversed for a new trial. City of Tulsa v. Pearson, Okl., 277 P.2d 135.

The parties are referred to herein by their trial court designation. The plaintiff was allegedly injured on January 2, 1952, while walking across an area between the curb of a street and the sidewalk in a residential area of the City of Tulsa. It was alleged that she stepped on the lid of a water meter box which tipped permitting her foot and part of her leg to fall into the meter box causing her to fall, thereby producing her injuries.

■■ The defendant argues this appeal under five propositions. The first two propositions constitute an argument that the court erred in giving certain instructions and refusing to give a requested instruction. Instruction eleven, to which the defendant objected, concerned the presumption of notice to the city of an initial defect, in the water meter. We have carefully examined the record and find no evidence, circumstantial or otherwise that tends to prove that there was any initial defect in this meter or its installation. The petition of the plaintiff did not plead that there was any such initial defect. This instruction was wholly outside the issues made by the pleadings or proof in the case. However, in view of the testimony of the former city employee who made the periodic readings of this meter for several years prior to and at the time of the plaintiff's injury, any error in the giving of such instruction was hardly prejudicial to the defendant. This witness testified without contradiction that he had actual notice of the defective condition of the meter for some months prior to the accident. He also testified that he had made several reports of its need for repairs to his superiors, but this testimony was contradicted. Since the defendant had actual knowledge of the defect through its agent, the person employed to read and report on the meter, an instruction to the jury on a presumption of notice under certain circumstances was not prejudicial, for it was unnecessary to prove presumptive or constructive notice where actual notice was shown to exist. Town of Norman v. Teel, 12 Okl. 69, 69 P. 791; Town of Okemah v. Lindsey, 198 Okl. 114, 176 P.2d 489.

■■ What has been said regarding instruction eleven applies with equal force to instruction twelve which dealt with constructive notice. In addition, although instruction twelve might have been more carefully prepared, it was not inherently defective but substantially stated the correct rule of constructive notice. City of Picher v. Barrett, 120 Okl. 66, 249 P. 739. In view of the evidence in the record from which the jury could have found that the defendant had actual notice as well as that the condition had existed for a sufficient length of time that constructive notice would be proper, we are of the opinion that any error in giving instructions eleven and twelve, as well as refusing the defendant's requested instruction two on notice, was at most harmless. Before this court will re-

verse a judgment based on the verdict of a jury because of the giving or refusal to give instructions, it must clearly appear that the action of the court in giving or refusing the instructions caused a miscarriage of justice. Larkins-Warr Trust v. Watchorn Petroleum Co., 198 Okl. 12, 174 P.2d 589.

■ Instruction number five, of which complaint is made, was merely a definition of the term "damage" and was properly given. It was nothing more than what is commonly termed a "stock instruction" and was not intended to cover the entire law of the case.

■ Propositions three and four deal with the admission and exclusion of testimony concerning the condition of the meter after the accident. The defendant offered the testimony of a witness who examined the meter on February 22, 1952, which was the date the defendant alleges it first had notice of the accident. The testimony of the condition of the meter on that day was excluded as being too remote. We are of the opinion that it should not have been excluded for that reason. The defect of the metal meter box lid which permitted the lid to tip was identified as being a rusted or broken lock. This condition was such that it likely would not have changed materially in such a short period of time. Furthermore, there was circumstantial evidence by the person in charge of repairs for the defendant that no repairs had been made on the meter during the interval between the accident and the date mentioned, as well as direct testimony by the former meter reader that the meter had remained in the same condition during January. However, the defendant had already introduced testimony by the person in charge of repairs to the effect that he had examined the meter on February 22, and that it was not defective but was in good repair. Therefore, the offered testimony was merely cumulative and its admission was within the discretion of the trial court. We do not believe its exclusion to have been prejudicial. Wigmore on Evidence, 2d Ed., sec. 1867. Likewise, the introduction of testimony on rebuttal on behalf of the plaintiff comparing the condition of the defective meter some seven to ten days after the accident to a meter box which had been brought into court by the defendant and displayed before the jury (although not introduced in evidence) was not too remote. Perhaps the court should have limited the testimony to a strict comparison instead of permitting the witness to testify generally concerning the defective condition of the meter, in view of its former ruling on similar evidence, but here again it was discretionary with the trial court. It is only where alleged errors in ruling on evidence and in instructing the jury cause a miscarriage of justice or constitute a substantial violation of constitutional or statutory right that a judgment based on a jury's verdict will be reversed. Larkins-Warr Trust v. Watchorn Petroleum Co., supra.

■ The last proposition urged is that the judgment is excessive. Insofar as proof of financial detriment and pain and suffering are concerned, the judgment is adequately sustained by the evidence. However, part of the damages alleged and attempted to be proved were medical expenses. From our review of the evidence, it is apparent that, at most, there was proof of only $174 in doctor bills and medicine. The judgment is therefore excessive in the amount of $26 inasmuch as the petition alleged $200 medical expenses and the judgment is for the total amount prayed for in the petition.

Upon the condition of a remittitur of $26, the judgment is affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner NEASE and approved by Commissioners CRAWFORD and REED, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court