Jimmy R. MITCHELL, Plaintiff in Error,

v.

Coreta H. HICKS, Defendant in Error.

No. 41983.

Supreme Court of Oklahoma.

Jan. 20, 1970.

Rehearing Denied Feb. 17, 1970.

Berry & Berry, Oklahoma City, for plaintiff in error.

Fenton, Fenton, Smith, Reneau & Moon, Dale Reneau, Oklahoma City, for defendant in error.

IRWIN, Chief Justice.

Plaintiff in Error, herein referred to as plaintiff, commenced proceedings to recover damages resulting from an accident involving two automobiles. Defendant in Error, herein referred to as defendant, denied liability and filed her cross-petition seeking damages against plaintiff. The jury returned a verdict finding "for defendant, and that neither party should recover against the other". Judgment was rendered accordingly and plaintiff appealed from the order overruling his motion for a new trial.

Plaintiff first contends the trial court committed reversible error in instructing the jury on sudden emergency. To sustain this contention, plaintiff argues that where defendant pleads sudden emergency in her answer, it is reversible error to give an instruction on sudden emergency where there is no evidence to support such instruction and the uncontroverted proof shows that · the defendant came to a stop sign, looked and saw the plaintiff coming on a favored highway, pulls into the path of oncoming vehicle and then stops her vehicle on the highway before they collide.

Plaintiff testified that he was traveling south on a divided highway that had two lanes of traffic for north-bound and south-bound traffic; that he was in the right lane of traffic; that he did not see defendant pull away from the stop sign; that the first time he saw defendant's automobile was when it was traveling across in front of him; that he hit his brakes, swerved to the left a little and struck defendant's car. Plaintiff also testified that he was not exceeding the speed limit.

Defendant testified that she approached the highway from the west and was traveling east; that she stopped at the stop sign; that she looked for south bound traffic; that she saw plaintiff's car approaching from the north a block and a half or two blocks back; that she pulled into the intersection, looked again and plaintiff was right there; that she applied her brakes and the collision occurred. Defendant's expert witness testified that plaintiff was exceeding the speed limit prior to the accident.

In Peterson v. Sapp (1963), Okl., 385 P. 2d 498, we held that in order to apply the rule on sudden emergency, it must be made to appear that the party seeking to invoke it is free from negligence in connection with the emergency.

Plaintiff argues our holding in "Peterson" is applicable in the case at bar and since the jury returned a verdict against defendant on her cross-petition, the jury found her guilty of negligence.

The verdict of the jury against defendant on her cross-petition does not necessarily mean that the jury found defendant negligent any more than the jury found that plaintiff was negligent in denying him recovery against defendant. The jury may have found both parties guilty of negligence and denied recovery to both, or it may have found that neither established actionable negligence against the other.

■ An instruction on sudden emergency is proper if there is any competent evidence tending to establish that the sudden emergency was not brought about by

negligence or want of care of the party asserting it as a defense. The uncontradicted evidence shows that defendant did stop at the stop sign; looked for oncoming traffic; and on observing plaintiff's automobile approaching from a distance of one block and a half to two blocks away, pulled onto the highway. There is also evidence tending to establish that plaintiff was exceeding the speed limit. Under these circumstances, to hold that the sudden emergency was brought about by the negligence of defendant, it would be necessary to exclude the evidence favorable to defendant that plaintiff was exceeding the speed limit. In our opinion, it was a question for the jury to determine whether or not the sudden emergency was brought about by the negligence and want of care of defendant. Under these circumstances, the trial court did not err in instructing the jury on sudden emergency.

■ Plaintiff also contends that the trial court committed reversible error in excluding certain testimony. On cross-examination of defendant's expert witness, plaintiff asked the witness the amount of his witness fee or charge for testifying. Defendant objected to the question on the grounds that it was argumentative, incompetent, irrelevant and immaterial. Defendant's objection was sustained. Plaintiff's counsel approached the bench and asked: "May I note my exception?" The trial court responded that he could, or lay a predicate for the question, whichever he would prefer. Plaintiff did not ask any further questions concerning this issue.

In City of Tulsa v. Pearson, Okl., 296 P.2d 788, we held that it is only where an alleged error in ruling on the evidence causes a miscarriage of justice or constitutes a substantial violation of constitutional or statutory rights that a judgment based on a jury's verdict will be reversed.

Had plaintiff believed that sustaining the above objection caused a miscarriage of justice or constituted a substantial violation of his constitutional or statutory rights, he could have pursued the matter

further. The trial court left the door open for him to do so. In our opinion the action of the trial court in sustaining the objection to the question concerning the amount of witness fees does not constitute reversible error.

The Petition for Certiorari to the Court of Appeals, Division No. 1, is granted and that court's opinion is reversed. The judgment of the trial court is affirmed.

DAVISON, WILLIAMS, BLACKBIRD, JACKSON, HODGES, LAVENDER and McINERNEY, JJ., concur.

BERRY, V. C. J., concurs in result.